**Darrell E. JONES, Plaintiff–Appellant,**

v.

**GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Defendant–Appellee.**

Supreme Court of Tennessee, at Jackson.

May 24, 1993.

George E. Skouteris, Sr., Skouteris Law Firm, Memphis, for plaintiff-appellant.

James E. Conley, Jr., Thomas, Hendrix, Harvey, Johnson & Mitchell, Memphis, for defendant-appellee.

Charles W. Burson, Atty. Gen. & Reporter, Dianne Stamey Dycus, Asst. Atty. Gen., Nashville, for Tennessee Dept. of Labor, Div. of Workers' Comp., intervenor.

## OPINION

DROWOTA, Justice.

In this workers' compensation death case, we are asked to decide (1) whether workers' compensation death benefits payable to a dependent under T.C.A. § 50–6–210 are limited to 400 weeks and (2) whether such benefits can be paid in a lump sum. The trial court awarded death benefits, but limited the award to 400 weeks. The court refused to commute the award to a lump sum. We conclude that the trial court erred in limiting death benefits in this case to 400 weeks, but did not err in refusing to commute benefits to a lump sum. Accord-

ingly, the judgment of the trial court is affirmed in part and reversed in part.

## I.

The facts in this case are undisputed. On August 6, 1991, Goldie Jones, the employee, was killed in the course and scope of her employment with an insured of the Defendant, General Accident Insurance Company of America. The employee worked part-time, earned an average weekly wage of $71.82, and was paid every two weeks. Approximately one month after the employee's death, her husband, Darrell Jones, Plaintiff–Appellant, filed the instant workers' compensation case seeking death benefits pursuant to T.C.A. § 50–6–210. The Plaintiff and his wife were living apart at the time of her death due to his employment in the radio broadcasting field. Although they were involuntarily separated, they sent each other money and communicated with one another often. They had no minor children to support.

The trial court found the Plaintiff to be the sole dependent of the employee and entitled to benefits under the Workers' Compensation Law. Specifically, the trial court held that pursuant to T.C.A. § 50–6–210(e)(1) the Plaintiff was entitled to 50 percent of the average weekly wage of the employee, or $35.91, for 400 weeks. The total judgment was for $14,364.00, to be paid out in installments of $71.82 every two weeks. These payments were to cease if the Plaintiff remarried prior to the expiration of the 400 weeks. The trial court further held that commuting the judgment to a lump sum was not appropriate because the Workers' Compensation Law contemplated such "payments to dependents to be made as customarily made to the decedent" which, in this case, was every two weeks.

After the trial, the Department of Labor moved to intervene, seeking to set aside the judgment of the trial court because the death benefits had been limited to 400 weeks. The Plaintiff also moved to set aside the judgment. The trial court granted the Department's motion to intervene, but denied both requests to set aside the judgment. On appeal, the Defendant has

elected not to make an argument in its brief in support of the trial court's limitation of 400 weeks. The only argument made by the Defendant is that the trial court was correct in refusing to commute benefits to a lump sum. In any event, the primary question this Court is presented with is whether death benefits can be limited to 400 weeks.

## II.

In cases in which a work-related injury results in the death of an employee, workers' compensation benefits are paid to the surviving dependents of the employee under a schedule set forth in T.C.A. § 50–6–210. Since this case does not involve any children, the applicable statutory provision is T.C.A. § 50–6–210(e)(1), which provides as follows: "If the deceased employee leaves a surviving spouse and no dependent child, there shall be paid to the surviving spouse fifty percent (50%) of the average weekly wages of [the] deceased." T.C.A. § 50–6–210(e)(1). The statutory scheme also provides for minimum and maximum compensation in death cases as follows: "The compensation payable in case of death to persons wholly [or partially] dependent shall be subject to the maximum weekly benefit and minimum weekly benefit.... This compensation shall be paid during dependency not to exceed the maximum total benefit, payments to be paid at the intervals when the wage was payable [to the deceased] as nearly as may be." T.C.A. § 50–6–210(e)(10). The applicable maximum total benefit referred to in T.C.A. § 50–6–210(e)(10) is $117,600.00, *see* T.C.A. § 50–6–102(a)(6)(B), the maximum weekly benefit is $294.00 per week, *see* T.C.A. § 50–6–102(a)(7)(A)(ii), and the minimum weekly benefit is $35.00, *see* T.C.A. § 50–6–102(a)(8)(D).

■ Death benefits payable under T.C.A. § 50–6–210 cease upon remarriage of the surviving spouse. T.C.A. § 50–6–210(e)(4) ("Upon the remarriage of a surviving spouse, if there is no child of the deceased employee, the compensation shall terminate...."). The obvious objective of this statutory provision is to provide bene-

fits to a surviving spouse only during the period of dependency. *See Kinnard v. Tennessee Chemical Co.*, 157 Tenn. 206, 7 S.W.2d 807, 808 (1928) (statute is designed to relieve society of the burden of caring for dependents and to place that burden upon the industry employing the worker).

■ T.C.A. § 50–6–210 does not specifically limit death benefits to dependents for any set number of weeks. The only provision of the Workers' Compensation Law limiting benefits to 400 weeks is found in T.C.A. § 50–6–207 pertaining to permanent partial and permanent total disability. T.C.A. § 50–6–207(3)(F) and (4)(A). Thus, even though death benefits to dependents are subject to the maximum and minimum weekly benefit and maximum total benefit, T.C.A. § 50–6–210 does not place a limit on the number of weeks such benefits are to be paid. Consequently, an award of death benefits should continue to be paid beyond 400 weeks until the maximum total benefit is reached which, in this case, is $117,-600.00. As noted in *Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn.1978), each type of disability provided for in the workers' compensation scheme is separate and distinct and the statutory provisions relating to different types of injuries are to be construed as independent and unrelated.[1] We thus conclude that it was error to impose the 400 week limitation applicable to permanent total and permanent partial disability on the payment of death benefits provided for in T.C.A. § 50–6–210. *See Clayton Paving Co. v. Appleton*, 163 Tenn. 27, 39 S.W.2d 1037 (1931) (statutory limitation established under the section of the Workers' Compensation Law providing for permanent total disability does not control an award of benefits paid to dependents in death cases).

■ We hold that the only limitation on death benefits to dependents is that the compensation be paid during dependency and must not exceed the maximum total benefit. T.C.A. § 50–6–210(e)(10). Benefits are to be paid until the statutory maxi-

mum is reached or until the surviving spouse dies or remarries. *Id.* Therefore, the trial court erred in limiting benefits in the present case to 400 weeks.

### III.

In addition to arguing that the trial court erred in limiting benefits to 400 weeks, the surviving spouse in this case asserts that the maximum total benefit of $117,600.00 should have been paid in a lump sum. The Department of Labor and the Defendant take the position that courts do not have authority to commute a judgment of death benefits because these benefits "shall be paid during dependency ... payments to be paid at the intervals when the wage was payable [to the deceased] as nearly as may be." T.C.A. § 50–6–210(e)(10). In other words, this statute requires that benefits be paid in generally the same manner as the wage was paid to the deceased employee. The obvious practical problem with commuting death benefits is that the courts have no means of determining the sum of all future installments since the period of dependency is impossible to ascertain. *See* T.C.A. § 50–6–229(a) (provides that in making a commutation, the lump sum must equal all future payments of compensation).

■ On the other hand, as the Plaintiff points out, T.C.A. § 50–6–229, the statute authorizing commutation of compensation payable periodically, does not exclude from its scope death benefits to dependents. Moreover, it is illogical to conclude that a living employee providing for dependents can benefit her family from a periodic payment or a lump sum, but after her death the family can still benefit from periodic payments but *not* from a lump sum. Indeed, it is easy to foresee situations where this result could impose extreme hardships on surviving dependents. And in *Clayton v. Cookeville Energy, Inc.*, 824 S.W.2d 167 (Tenn.1992), we approved of a lump sum death benefit to a widow; and in *Perdue v. Green Branch Min. Co., Inc.*, 837 S.W.2d

---

1. Of course, provisions of the Workers' Compensation Law dealing with the same subject are to be construed together. *Haynes v. Columbia Pic-*

*tures Corp.*, 178 Tenn. 648, 162 S.W.2d 383, 384 (1942).

56 (Tenn.1992), we also affirmed a commutation of death benefits to a widow. However, the court was not faced, in either case, squarely with the question of whether the statute allows commutation of death benefits in the first place. In other words, the defendants in *Clayton* and *Perdue* did not challenge the authority of courts to commute death benefits. Instead, the defendants questioned the trial court's *exercise of discretion* in commuting benefits under the facts of each case. In any event, we hold today that death benefits awarded under T.C.A. § 50–6–210 can be commuted to a lump sum.

■ As this Court has said on many occasions, the burden is on the employee to establish first that a lump sum is in his or her best interest and second that the worker is capable of wisely managing and controlling the commuted award. T.C.A. § 50–6–229(a). The Plaintiff in the present case has failed to show that he is capable of wisely managing a lump sum award or that a commutation is in his best interest. Plaintiff testified that he needs approximately $39,000.00 to purchase recording equipment to establish a recording studio, and another $35,000 to purchase a house in Texas (where he now resides with relatives) from which he would operate the business. Financial institutions have refused to loan him these funds. There is no evidence in the record to show that the Plaintiff has the experience or ability to manage such a venture. In fact, he has worked at eleven different jobs during the five-year period just prior to his wife's death, and has been unemployed since August, 1991. He further testified that while his wife was living and he was working, he still depended upon her for support.

Simply put, the record is silent as to the Plaintiff's debts and assets. No proof has been presented concerning his salary in any of his prior jobs or what he could expect to earn if he obtains employment. We thus conclude that the Plaintiff has failed to show that a lump sum award would be in his best interest or that he would be capable of wisely managing and controlling it. As we stated in *Perdue*, "[t]he purpose of workers' compensation is to provide injured workers with periodic payments as a substitute for lost wages.... This principle is unchanged when a worker dies as a result of injuries sustained on the job, because an award of periodic payments to the surviving dependents of a deceased worker still accords with the general purpose to substitute periodic contributions to the support of those accustomed to and dependent upon such regular periodic incomes." *Perdue* at 59 (quoting *American Zinc Co. of Tenn. v. Lusk*, 148 Tenn. 220, 255 S.W. 39, 41 (1923)).

Finally, in reviewing this record, we note that no provision has been made for attorney's fees in this case. Nothing in this regard appears in the trial court's judgment and no discussion of attorney's fees occurred at trial. Plaintiff's counsel does not raise the subject in his briefs filed in this Court. Because this subject was not raised at trial or on appeal, we remand the case to the trial court for an examination of the reasonableness of a fee to be awarded to Plaintiff's counsel. *See Perdue* at 61. We are not in a position on appeal to determine the reasonableness of such a fee.

For the foregoing reasons, the judgment of the trial court is affirmed in part and reversed in part, and the cause remanded for further proceedings consistent with this opinion. The costs of appeal are taxed equally to the Plaintiff and Defendant.

REID, C.J., and O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.