**FILED**
**Dec 22, 2021**
**02:08 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Sonney Summers, as Surviving Spouse of Christine Summers | ) Docket No. 2020-05-0875 |
| | ) |
| | ) State File No. 58447-2020 |
| v. | ) |
| | ) |
| RTR Transportation Services, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' Compensation Claims | ) |
| Robert V. Durham, Judge | ) |

---

### Affirmed and Certified as Final

---

The employee's surviving spouse challenges the trial court's decision denying his request to order the employer to pay death benefits and attorneys' fees in a lump sum. The surviving spouse additionally challenges the trial court's denial of his counsels' request for an attorneys' fee on the burial expenses paid by the employer. Having carefully reviewed the record, we affirm the trial court's decision denying the surviving spouse's request to commute the death benefits to a single lump sum and denying the award of attorney's fees in a single lump sum. We also affirm the trial court's denial of an award of attorneys' fees on the burial expenses paid by the employer. Finally, we certify the trial court's order as final.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Samuel B. Garner, Pulaski, Tennessee, and Stephen K. Heard, Nashville, Tennessee, for the claimant-appellant, Sonney Summers

Rosalia Fiorello, Nashville, Tennessee, for the employer-appellee, RTR Transportation Services

### Factual and Procedural Background

The facts underlying this claim for benefits are not disputed. Christine Summers ("Employee") worked as a truck driver for RTR Transportation Services ("Employer"). While in the course and scope of her employment in the early morning hours of August 19,

1

2020, Employee stopped her truck on the shoulder of Interstate 59 in Fairfield, Alabama because she believed she may have struck someone on the roadway. After exiting her truck as she talked with a 911 operator, Employee was recorded screaming before the call was dropped. Police and emergency medical responders were dispatched to the scene and, upon their arrival, found Employee just off the roadway next to the rear tires of her truck. It was apparent she had been struck in the head, and she was pronounced dead at the scene by the Fairfield Fire and Rescue.

Employer initially denied that the claim was compensable pending its investigation, and Sonney Summers ("Surviving Spouse") retained attorneys who filed a petition for benefit determination seeking to compel Employer to pay death benefits and burial expenses. Following Employer's completion of its investigation and mediation conducted by the Bureau of Workers' Compensation, Employer accepted the claim and paid burial expenses directly to Surviving Spouse. Employer also acknowledged that it owed death benefits and offered to begin paying those benefits periodically. Surviving Spouse requested the benefits be paid in a lump sum and declined to accept the periodic payments. In addition, Surviving Spouse's counsel requested that their attorneys' fees be paid in a lump sum and that they receive an attorneys' fees on the already-paid burial expenses based upon Employer's initial denial of the claim and the work required by Surviving Spouse's counsel to recover the burial expenses.

The trial court conducted a hearing to address three issues: (1) whether Employer would be required to pay the death benefits in a single lump sum; (2) whether Surviving Spouse's attorneys were entitled to have their attorneys' fees paid in a lump sum; and (3) whether the attorneys were entitled to a fee on the burial expenses paid by Employer. Surviving Spouse testified regarding the requested lump sum payment, stating he was fifty-nine years of age, disabled, and receiving social security disability benefits. He testified that, following his wife's death, he received temporary custody of three grandchildren and anticipated receiving permanent custody of these grandchildren in the near future. He had $480,000 in life insurance proceeds after paying off his debts and had used $275,000 to build a home in Alabama for his family, leaving him with $146,000. He testified he owned a home in Tennessee that he intended to sell and expected to make $100,000 from the sale. In addition, he testified he had a coin collection worth $10,000 to $20,000 and a collection of older trucks and cars that he valued at $75,000. Further, he testified that the monthly expenses for his grandchildren and himself were $4,165.34, which is $371.34 more than the monthly income he and his grandchildren were currently receiving.

Surviving Spouse testified that his wife handled the paying of bills during their marriage but that he now pays the bills. He testified he wanted a lump sum payment of the death benefits to provide for his grandchildren's education. Surviving Spouse's attorneys submitted affidavits outlining their legal experience and expertise, attesting to over 240 aggregate hours of work related to Surviving Spouse's claim.

2

The trial court determined that Tennessee Code Annotated section 50-6-229(a) gave the court the discretion to order lump-sum awards but that case law, and in particular, *Educators Credit Union v. Gentry*, No. M2003-02865-WC-R3-CV, 2005 Tenn. LEXIS 216, at *8-9 (Tenn. Workers' Comp. Panel Mar. 9, 2005), "foreclosed the possibility of commuting death benefits for a sole dependent spouse." The court noted that the holding in *Gentry* was followed in a later opinion of the Supreme Court Special Workers' Compensation Panel, *Reynolds v. Free Serv. Tire Co.*, No. E2014-02233-SC-R3-WC, 2015 Tenn. LEXIS 734, at *11-12 (Tenn. Workers' Comp. Panel Sept. 16, 2015). The trial court further determined that, in the event these cases were not controlling, the court would not commute the death benefits to a lump sum because Surviving Spouse failed to show that the commutation would be in his best interest and that he was able to wisely manage and control a commuted award.

Addressing attorneys' fees, the trial court awarded a 20% attorneys' fee on the death benefits but refused to order the fees paid in a lump sum, reasoning that if it was not appropriate for death benefits to be paid in a lump sum where the sole dependent is the surviving spouse because it would be impossible to determine the amount of the ultimate award, "it is equally impossible to determine a percentage of that award." Further, the court stated that, considering the possibility that a lump sum attorneys' fee could exceed the actual benefits received by Surviving Spouse, the court found "the possible inequity of such an outcome to [Employer] outweighs the inconvenience to [Surviving Spouse's] counsel in receiving their fees periodically."

Addressing the claim for attorneys' fees for the work Surviving Spouse's attorneys performed in recovering the burial expenses paid by Employer, the trial court stated that "burial expenses were not an issue at trial." The trial court likened burial expenses to medical expenses, noting "[i]t is well-established that attorneys can recover attorneys' fees for contested medical expenses that are awarded at trial" and stating, "the principle that medical expenses must be contested at trial before attorneys' fees may be awarded [to] them applies to burial expenses as well." Having concluded that "burial expenses were not an issue at trial," the court declined to award Surviving Spouse's attorneys any fee for the recovery of burial expenses. Surviving Spouse has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2021). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn.

Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2021).

**Analysis**

Surviving Spouse raises three issues on appeal: (1) whether the trial court erred in concluding he is not entitled to have the award of death benefits commuted to a lump sum; (2) whether the trial court erred in concluding his attorneys are not entitled to have their attorneys' fees commuted to a lump sum; and (3) whether the trial court erred in concluding his attorneys are not entitled to attorneys' fees on burial expenses paid by Employer.

*Lump Sum Commutation of Death Benefits*

Surviving Spouse relies on Tennessee Code Annotated section 50-6-229(a), which provides that periodic payments "may be commuted to one (1) or more lump sum payments." The statute further provides that "[i]n determining whether to commute an award, the trial court shall consider whether the commutation will be in the best interest of the employee, and the court shall also consider the ability of the employee to wisely manage and control the commuted award, regardless of whether special needs exist." Tenn. Code Ann. § 50-6-229(a) (2021). Regardless of the statutory considerations a trial court must address in determining whether to commute an award of death benefits, the commutation of benefits has been placed in the discretion of trial judges since 1979. *See Smith v. Gallatin Nursing Home*, 629 S.W.2d 683 (Tenn. 1982).

Surviving Spouse contends that he established it was in his best interest for the death benefits to be commuted to a single lump sum and that he established he had the ability to wisely manage and control a commuted award. Based on these assertions, Surviving Spouse contends the trial court erred in failing to commute the death benefits to a single lump sum. We note, however, that to succeed on this issue, it is not enough for Surviving Spouse to show that the preponderance of the evidence supports the conclusions that it is in his best interests to commute the award and that he has the ability to wisely manage the award. In addition, Surviving Spouse must establish that the trial court abused its discretion in denying his request for the death benefits to be commuted.

A trial court abuses its discretion when it causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice. *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105 (Tenn. 2011). The abuse of discretion standard "does not

4

permit an appellate court to substitute its judgment for that of the trial court." *Id.* Moreover, pursuant to the abuse of discretion standard, "the appellate court should presume the [trial court's] decision is correct and should review the evidence in the light most favorable to the decision." *Id.* at 105-06.

Here, the trial court expressed two rationales for denying the request to commute the death benefits. First, the court addressed case law and concluded, "[g]iven that the ultimate cost of death benefits to a sole dependent spouse cannot be calculated [due to the provisions of section 50-6-210(e)(8) (2021) terminating benefits to any dependent upon the death or remarriage of the dependent], the Court finds that the requirements to impartially interpret [section 50-6-229] lends even more weight to the *Gentry* decision against awarding lump-sum death benefits to a sole dependent spouse." The trial court's second rationale for denying the request to commute the death benefits was based on the statutory factors a trial court "shall consider" in determining whether to commute an award as expressed in section 50-6-229(a). The trial court noted that, under the statute, Surviving Spouse "must show that the commutation would be in his best interests and that he is able to wisely manage and control the commuted award." The trial court concluded that Surviving Spouse did not establish these statutory requirements.

Addressing the trial court's first rationale for denying the request to commute the death benefits, Surviving Spouse argues that section 50-6-229(a) authorizes the commutation of death benefits irrespective of whether the spouse is the sole surviving dependent as was the case in *Gentry*. Surviving Spouse contends that an earlier case, *Jones v. General Accident Ins. Co.*, 856 S.W.2d 133 (Tenn. 1993), in which the Tennessee Supreme Court said it had previously approved a lump sum death benefit to a widow, is controlling authority, and that both *Gentry* and *Reynolds* are unpublished opinions that are not controlling and are persuasive only. According to Surviving Spouse, *Jones* specifically determined that commutation of a surviving spouse's death benefits to a lump sum was permissible and within the authority of the trial court as provided in section 50-6-229(a). Further, Surviving Spouse contends that, although *Gentry* was a more recent case, *Gentry* "attempted to distinguish *Jones* by asserting that *Jones* only stood for the proposition that death benefits 'could' be commuted and . . . did not extend to a sole surviving spouse but could extend to situations where there were dependent children." We need not resolve how persuasive the unpublished *Gentry* and *Reynolds* cases are and whether they incorrectly applied *Jones*, as the trial court determined in this case that it would not commute the death benefits "even if *Gentry* were not controlling."

Here, the burden was on Surviving Spouse to establish first that a lump sum award is in his best interest; second, that he is capable of wisely managing a commuted award; and third, that the trial court abused its discretion in declining to commute the death benefits to a lump sum. Tenn. Code Ann. § 50-6-229(a); *see also Jones*, 856 S.W.2d at 136. In exercising the discretion that section 50-6-229(a) vests in the trial court, the court addressed the relevant facts presented through the testimony of Surviving Spouse and the exhibits

5

admitted in evidence. The court noted that Surviving Spouse's plans for a lump sum award "would be for his grandchildren's college education and that he needed the lump-sum award to 'be in the background.'" When asked what he would do with the money if the award is commuted, Surviving Spouse testified he would "[u]se the money to take care of [his] grandchildren and to make sure we have a decent life." The Tennessee Supreme Court has suggested "that one standard relevant to the 'best interest' inquiry, and the one more nearly consistent with the purpose of the workers' compensation statute, is the relevance of commutation to the rehabilitation of the worker seeking a lump-sum award." *Thrasher*, 817 S.W.2d at 311. As laudable as it may be for Surviving Spouse's focus to be on the well-being of his grandchildren, the trial court concluded that he "failed to provide an adequate reason as to why commutation is warranted or would be in his best interests." Surviving Spouse has not addressed how or in what manner the trial court's conclusion amounted to an abuse of the court's discretion, and we are unable to conclude that the trial court's denial of the request for commutation of the death benefits was an abuse of the discretion vested in the court by section 50-6-229(a).

*Lump Sum Award of Attorneys' Fees*

The calculation of the attorneys' fees awarded for Surviving Spouse's recovery of death benefits is not at issue. Rather, the single issue as regards the fees awarded for the death benefits is whether the trial court abused its discretion in refusing to grant Surviving Spouse's request for the fees to be paid in a single lump sum. Tennessee Code Annotated section 50-6-229(a) provides that "[a]ttorneys' fees *may* be paid as a partial lump sum from any award when approved and ordered by the trial judge." (Emphasis added.) However, like the arguments advanced by Surviving Spouse regarding the commutation of death benefits, the brief filed on behalf of Surviving Spouse is silent as to whether, how, or in what manner the trial court abused its discretion in refusing to award attorneys' fees in a lump sum.

In denying the request to award a lump-sum attorneys' fee, the trial court referenced *Gentry* in the context of *National Pizza Co. v. Young*, 879 S.W.2d 817 (Tenn. 1994), a case in which the Supreme Court held that the Workers' Compensation Reform Act of 1992, more specifically section 50-6-229(a), authorizes a trial court to order the lump sum payment of attorneys' fees where a settlement was reached providing for dependents' death benefits to be paid periodically but did not specify the method by which attorneys' fees were to be paid. In the instant case, the trial court noted the uncertainty of calculating the total amount of death benefits the Surviving Spouse might receive and stated in its order that "[i]f the contingencies of death or remarriage make it impossible to determine a sole dependent spouse's ultimate award, it is equally impossible to determine a percentage of that award." Noting it is "possible" that a lump sum attorneys' fee award in this case could exceed the actual benefits paid to Surviving Spouse, the trial court concluded that "the possible inequity of such an outcome to [Employer] outweighs the inconvenience to [Surviving Spouse's] counsel in receiving their fees periodically."

6

Surviving Spouse asserts that, under *National Pizza*, "it is clear that [Surviving Spouse's] counsel [is] entitled to an award of 20% attorney[s'] fees on the total maximum possible [death] benefit[s]." However, we find no argument advanced in Surviving Spouse's brief demonstrating or suggesting that the trial court abused its discretion in denying the request to award attorneys' fees in a lump sum, and we accordingly find no merit in this issue.

*Attorneys' Fees on Burial Expenses*

The trial court likened an employer's obligation to pay burial expenses to its obligation to pay medical expenses, noting that "both types of expenses are contained in section 50-6-204." The trial court's compensation order noted that Employer initially denied the claim but later accepted the claim after Surviving Spouse retained counsel and the parties engaged in mediation, stating that Employer "eventually accepted [the claim] and paid burial expenses under Tennessee Code Annotated section 50-6-204(c)." Thus, according to the trial court, "burial expenses were not an issue at trial." Reasoning that the section addressing attorneys' fees for the recovery of medical expenses (section 50-6-226(a)(2)(A)) prohibits the inclusion of medical costs that are voluntarily paid in determining the award for purposes of calculating attorneys' fees, the court declined to award Surviving Spouse's counsel attorneys' fees for the burial expenses.

Surviving Spouse notes in his brief that, while both burial expenses and medical expenses are addressed in section 50-6-204, burial expenses are not medical expenses, and he asserts that because "it took considerable efforts on the part of [Surviving Spouse's] counsel to convince [Employer] to reverse [its] position," his attorneys "are due a fee for 'recovery' of funeral expenses." Neither Surviving Spouse nor Employer cite any opinion addressing whether the fees of an attorney for services to employees extend to or include fees for the recovery of burial expenses, and we have found no such cases.

Employer emphasizes that, following the completion of its investigation, its acceptance of the claim, and its agreement to pay the burial expenses, Surviving Spouse filed a new petition noting the claim had been accepted and stating that Surviving Spouse was seeking the award and the attorneys' fees to be commuted to a lump sum without mentioning an award of attorneys' fees for the burial expenses. However, Employer noted as an additional issue to the subsequent dispute certification notice that "[t]he parties disagree as to whether [Surviving Spouse's] attorney[s] are entitled to 20% of the funeral expenses," and Employer listed as a "defense" that "[c]ounsel for [Surviving Spouse] cannot recover a 20% lump sum fee [on] funeral expenses because there has not been an 'award' under [section] 50-6-226 and no statutory authority exists for the recoupment of funeral expenses for attorneys." Moreover, Surviving Spouse's attorneys subsequently filed an application for approval of attorneys' fees seeking, among other fees and expenses, a 20% fee for the recovery of the burial expenses Employer paid. In addition, Employer's Pre-Compensation Hearing Statement included as a contested issue "[w]hether counsel for

[Surviving Spouse] is entitled to 20% of funeral expenses." Indeed, the parties' trial briefs addressed the issue as did the trial court in its compensation order granting benefits.

Although there is no statutory provision expressly addressing the fees of attorneys for services related to obtaining the burial expenses that are addressed in section 50-6-204(c), we are persuaded by the analogy to the recovery of attorneys' fees on contested medical expenses, which is well-established in Supreme Court decisions. *See, e.g.*, *Langford v. Liberty Mutual Ins. Co.*, 854 S.W.2d 100, 102 (Tenn. 1993). Here, Employee's date of death was August 19, 2020. Employer denied the claim on September 8, 2020, pending an investigation. Following the filing of a petition for benefits, the completion of Employer's investigation, and mediation, Employer determined the claim to be compensable on November 17, 2020 and agreed to initiate the payment of periodic death benefits and to pay the burial expenses. Although it is disputed whether the burial expenses were "voluntarily paid" as that term is used in section 50-6-226(a)(2)(A), under the circumstances presented we discern no error in the trial court's denial of counsel's request for an attorneys' fee on the burial expenses Employer paid and conclude the preponderance of the evidence supports the trial court's denial of attorneys' fees for the burial expenses.

## Conclusion

For the foregoing reasons, we affirm the trial court's decision and certify it as final. Costs on appeal are taxed to Surviving Spouse.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Sonney Summers, as Surviving Spouse of Christine Summers | ) ) ) | Docket No.  2020-05-0875 |
| v. | ) ) ) | State File No.  58447-2020 |
| RTR Transportation Services, et al. | ) ) ) ) | |
| Appeal from the Court of Workers' Compensation Claims Robert V. Durham, Judge | ) ) ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 22nd day of December, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Samuel B. Garner, Jr. Stephen K. Heard | | | | X | samgarner@fowlkesgarner.com skheard@cclawtn.com |
| Rosalia Fiorello | | | | X | rfiorello@wimberlylawson.com |
| Robert V. Durham, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov