


**FILED**
**Apr 29, 2022**
**09:10 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Lawrence Williams, as Surviving Spouse of Linda Williams | )   Docket No.    2021-08-0034 |
| | ) |
| | )   State File No.    115680-2020 |
| v. | ) |
| | ) |
| Methodist LeBonheur Healthcare | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Deana C. Seymour, Judge | ) |

---

### Affirmed and Certified as Final

---

The employee-decedent, a healthcare worker, died after contracting COVID-19. The employer and the decedent's surviving spouse reached an agreement for the payment of death benefits pursuant to Tennessee's Workers' Compensation Law. However, the trial court declined to approve the settlement because the proposed agreement included a calculation of the maximum total benefit that was not consistent with Tennessee Code Annotated section 50-6-102(15)(D). Thereafter, the trial court conducted a compensation hearing in which the only issue was the meaning and correct calculation of the maximum total benefit. The trial court concluded the maximum total benefit is calculated by multiplying the state's average weekly wage as of the date of the employee's death by 450 weeks. The employer has appealed. Upon careful review of the statutes at issue and relevant precedent, we affirm the trial court's order and certify it as final.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin joined.

Kevin Washburn, Memphis, Tennessee, for the employer-appellant, Methodist LeBonheur Healthcare

Lawrence Williams, Memphis, Tennessee, surviving spouse-appellee, pro se

### Factual and Procedural Background

Linda Williams ("Decedent"), worked for Methodist LeBonheur Healthcare ("Employer") as a sitter and transporter. On December 2, 2020, Decedent tragically passed

away due to "acute COVID-19 pneumonia" and "severe acute hypoxic respiratory failure." Thereafter, Lawrence Williams ("Surviving Spouse") and Employer reached an agreement for the payment of death benefits under Tennessee's Workers' Compensation Law. Employer produced a wage statement showing an average weekly wage of $616.40 for the fifty-two-week period preceding Decedent's death.[1] The proposed settlement agreement provided for the payment of fifty percent of Decedent's average weekly wage to Surviving Spouse as the sole dependent, in accordance with Tennessee Code Annotated section 50-6-210(e)(1). It also provided that Employer's maximum potential liability, termed the "maximum total benefit," was calculated by multiplying 66 2/3% of Decedent's average weekly wage by 450 weeks. In the circumstances of the present case, this calculation would result in a maximum total benefit of $184,918.50.

When the parties presented the proposed settlement agreement to the trial court, it declined to approve the settlement due to Employer's proposed calculation of the maximum total benefit.[2] Thereafter, Employer filed a petition and a legal argument outlining the basis for its calculation, and the trial court scheduled a compensation hearing to address the issue. Following the hearing, the court issued an order rejecting Employer's calculation of the maximum total benefit and awarding Surviving Spouse death benefits with a maximum total benefit of $447,300.00, the calculation mandated by Tennessee Code Annotated section 50-6-102(15)(D). Employer has appealed.

**Standard of Review**

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2021). The interpretation and application of statutes and regulations are questions of law that are reviewed de novo. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2021).

**Analysis**

The sole issue presented in this appeal is whether the definition of "maximum total benefit" contained in Tennessee Code Annotated section 50-6-102(15)(D) is inconsistent

---

[1] The calculations contained in the wage statement are not disputed in this appeal. Thus, we accept those calculations as accurate and do not address them further.

[2] Pursuant to Tennessee Code Annotated section 50-6-240, all workers' compensation settlements must be approved by a judge, and judges on the Court of Workers' Compensation Claims have the authority to approve or reject a settlement.

2

with the provisions of Tennessee Code Annotated sections 50-6-209 and -210, which set out the "maximum compensation" in death cases and the manner in which death benefits are paid. Because the resolution of this issue requires consideration of principles of statutory construction, we set out the relevant statutory language as follows:

> (A) "Maximum total benefit" means the sum of all weekly benefits to which a worker may be entitled;
>
> . . . .
>
> (D) For injuries occurring on or after July 1, 2014, the maximum total benefit shall be four hundred fifty (450) weeks times one hundred percent (100%) of the state's average weekly wage . . . except in instances of permanent total disability.

Tenn. Code Ann. § 50-6-102(15) (2021). When determining the benefits owed to surviving dependents, the statute provides:

> (1) In all cases of death of an employee covered by this chapter, sixty-six and two-thirds percent (66 2/3%) of the average weekly wages shall be paid in cases where the deceased worker leaves dependents, *subject to the maximum weekly benefit*.
>
> . . . .
>
> (3) The total amount of compensation payable under this subsection (b) shall not exceed the *maximum total benefit* exclusive of medical, hospital, and funeral benefits.

Tenn. Code Ann. § 50-6-209(b) (2021) (emphasis added). Lastly, when determining the method of paying those benefits to the surviving dependents, the statute instructs that "[i]f the deceased employee leaves a surviving spouse and no dependent children, there shall be paid to the surviving spouse fifty percent (50%) *of the average weekly wages of the deceased*." Tenn. Code Ann. § 50-6-210(e)(1) (2021) (emphasis added).

We have previously addressed principles of statutory construction that guide our analysis:

> When construing a statute, our goal is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope. We determine legislative intent from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or

3

limit the statute's meaning. . . . In addition, we must construe a statute so that no part will be inoperative, superfluous, void[,] or insignificant. We are required to give effect to every word, phrase, clause[,] and sentence of the act in order to achieve the Legislature's intent[,] and we must construe a statute so that no section will destroy another.

*Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *24-25 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018) (internal quotation marks and citations omitted).

In the present case, Employer asserts that the definition of "maximum total benefit" contained in section 102(15)(D) is inconsistent with the maximum compensation provisions applied to death cases in section 209(b). In Employer's view, section 50-6-209(b) "clearly attaches the proper death benefits to be paid to the dependent directly to the earnings of the deceased worker, subject to the maximum weekly benefit." Employer then argues that because subsection 209(b) is a more specific provision applicable to death cases, it trumps the more general definition of maximum total benefit contained in section 50-6-102(15). *See, e.g.*, *Woodroof v. City of Nashville*, 192 S.W.2d 1013, 1015 (Tenn. 1946) ("a statute treating the subject matter in a general manner should not be considered as intended to affect the more particular provision"). Contrary to Employer's position, we conclude that the statutory provisions at issue in this case are not in conflict.

In cases where the parties agree the employee's death arose primarily from a compensable work accident, two questions must be addressed when calculating a dependent's death benefits: (1) the weekly amount owed to the dependent; and (2) the duration of the payments. The statutory provisions noted above address each of these questions separately. With respect to the weekly amount owed to the dependent, section 50-6-210(e)(1) specifies that if the dependent is a surviving spouse and there are no dependent children, the surviving spouse will receive fifty percent (50%) of *the employee's average weekly wage*, and subsection 209(b)(1) limits that weekly payment to no more than the "maximum weekly benefit."[3] Thus, we agree with Employer that, at least with respect to the weekly amount owed, the calculation of the surviving spouse's weekly benefit is tied to the deceased employee's average weekly wage.

However, the second question regarding the potential duration of payments is *not* addressed in subsections 209(b)(1) or 210(e)(1). Instead, section 50-6-209(b)(3) states that "[t]he total amount of compensation payable . . . shall not exceed the maximum total benefit." Further, section 50-6-210(e)(10) provides that "[t]his compensation shall be paid during dependency not to exceed the maximum total benefit." As noted by the trial court, the definition of "maximum total benefit" contained in section 50-6-102(15)(D) expressly

---

[3] The term "maximum weekly benefit" is defined in Tennessee Code Annotated section 50-6-102(16).

ties the maximum total benefit to the state's, not the employee's, average weekly wage.[4] Because these provisions describe an employer's maximum potential liability, but not the rate at which periodic benefits are paid, these definitions impact the potential duration of benefits only. Thus, certain terminating events, such as the death or remarriage of a surviving spouse, or reaching the maximum total benefit, impact the duration of the payments but not the calculation of the periodic amount owed.

An analogous issue was addressed by the Tennessee Supreme Court in *Jones v. General Accident Ins. Co.*, 856 S.W.2d 133 (Tenn. 1993). In *Jones*, the only dependent of the deceased worker was a surviving spouse. *Id.* at 134. When the trial court awarded death benefits, it specified the surviving spouse was entitled to fifty percent of the employee's average weekly wage until remarriage or the expiration of 400 weeks, whichever occurred first. *Id.* On appeal, the Supreme Court rejected this calculation, explaining:

> [Tennessee Code Annotated] section 50-6-210 does not specifically limit death benefits to dependents to any set number of weeks . . . . Thus, even though death benefits to dependents are subject to the maximum and minimum weekly benefits and maximum total benefit, [section] 50-6-210 does not place a limit on the number of weeks such benefits are to be paid. Consequently, an award of death benefits should continue to be paid beyond 400 weeks until the maximum total benefit is reached which, in this case, is $117,600.

*Id.* at 135. The Court then concluded, "We hold that the only limitation on death benefits is that the compensation be paid during dependency and must not exceed the maximum total benefit." *Id.*

In *Reynolds v. Free Service Tire Co.*, No. E2014-02233-SC-R3-WC, 2015 Tenn. LEXIS 734 (Tenn. Workers' Comp. Panel Sept. 16, 2015), the Supreme Court's Special Workers' Compensation Appeals Panel addressed the issue raised in this appeal.[5] In rejecting the arguments of the employer in that case, which are similar to Employer's arguments here, the Appeals Panel explained:

> Tennessee Code Annotated section 50-6-102(13)(D) (Supp. 2009) provides the maximum total benefit "[f]or injuries occurring on or after July 1,

---

[4] Tennessee Code Annotated section 50-6-102(16)(B) provides that the state's average weekly wage will be determined on an annual basis "and shall be adjusted annually using data from the bureau."

[5] We note Employer's argument that, because *Reynolds* is an unpublished opinion, it is not controlling authority. We agree it is not *controlling* authority, but we conclude it is nevertheless *persuasive* authority. *See* Rule 4(G)(1) of the Rules of the Tennessee Supreme Court ("Unpublished opinions of the Special Workers' Compensation Appeals Panel shall likewise be considered persuasive authority.").

2009 . . . shall be four hundred (400) times one hundred percent (100%) of the state's average weekly wage[.]"  Thus, the maximum total benefit has been detached from the individual employee's earnings and is once again an across-the-board figure.

*Id.* at \*8.  The 2013 Workers' Compensation Reform Act retained the language from the 2009 version of the definition of "maximum total benefit" tying the calculation to the state's average weekly wage instead of the employee's average weekly wage, but it changed the multiplier from 400 weeks to 450 weeks.  That definition has not been amended since 2013 and is applicable to the present case.

We see no reason to depart from the rationale expressed in *Jones* and *Reynolds*, and we find no basis to distinguish those cases from the present case.  The calculation of the rate at which a surviving spouse receives periodic payments of death benefits is governed by different statutory provisions than those governing the duration of those payments.  We conclude those provisions are not in conflict.  In accordance with accepted principles of statutory construction, we are required to "give effect to every word, phrase, clause[,] and sentence of the act in order to achieve the Legislature's intent[,]" and we must "construe a statute so that no section will destroy another."  *Thompson*, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at \*25.  Therefore, we conclude that although the rate at which dependents receive death benefits is based on the deceased employee's average weekly wage, the potential duration of those payments is not tied to the deceased employee's wages but is instead subject to an across-the-board limitation based on the state's average weekly wage as of the date of death.  The trial court correctly interpreted the relevant statutory provisions and, thus, we affirm.

## Conclusion

For the foregoing reasons, we affirm the trial court's order and certify it as final. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Lawrence Williams, as Surviving Spouse of Linda Williams | ) Docket No. 2021-08-0034 |
| | ) |
| | ) State File No. 115680-2020 |
| v. | ) |
| | ) |
| Methodist LeBonheur Healthcare | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Deana C. Seymour, Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 29th day of April, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Kevin Washburn | | | | X | kwashburn@allensummers.com kbrummel@allensummers.com |
| Lawrence Williams | | | | X | acoach51@gmail.com |
| Deana C. Seymour, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov