## MODINE MANUFACTURING CO., Plaintiff–Appellee,

### v.

## Mary PATTERSON, Defendant–Appellant.

Supreme Court of Tennessee, at Knoxville.

July 6, 1993.

Rehearing Filed July 16, 1993.

Order Denying Rehearing and Revising Opinion Aug. 23, 1993.

Debra L. Hill and George H. Buxton, III, Oak Ridge, for appellee.

Lynn Bergwerk, Knoxville, for appellant.

### OPINION

DAUGHTREY, Justice.

The only issue raised in this workers' compensation appeal is whether a new provision in T.C.A. § 50–6–229(a) should be given retrospective application. A 1992 amendment to that statute permits the trial court to commute attorney fees in a workers' compensation case to payment in a lump sum, even though the disability award to the injured worker is not commuted.

■ This amendment was passed on May 5, 1992, as part of the Workers' Compensation Reform Act of 1992, which took effect on July 1, 1992. *See* 1992 Tenn.Pub.Acts, ch. 900, § 25. The Reform Act is silent on the issue of retroactivity of the provision governing commutation of attorneys fees, although it does indicate that certain new benefits to injured workers are available only for injuries arising from and after August 1, 1992. *See, e.g.,* 1992 Tenn.Pub.Acts, ch. 900, §§ 16 & 32.[1] We conclude that because the amendment permitting lump-sum payment of attorneys fees does not carry a specific effective date and because it does not affect the substantive rights of the parties to the litigation, there is nothing to prevent its application to the payment of attorney fees set on or after July 1, 1992.

■ We conclude that commutation would be proper in any *pending* case in which the attorney has made a timely application for the lump-sum payment of fees after the effective date of the amendment. Obviously, the courts may not entertain motions to reopen cases to award the lump-sum payment of benefits to an injured worker as

---

1. Other sections carry even more distant effective dates. *See, e.g.,* 1992 Tenn.Pub.Acts, Ch. 900, §§ 27 & 28.

a pretext for securing the lump-sum payment of attorneys fees, where the issue of commuting those fees was not timely raised.

Remanded with instructions. Costs will be paid by appellee.

REID, C.J., and DROWOTA, O'BRIEN and ANDERSON, JJ., concur.

### ORDER

PER CURIAM.

The parties have filed a petition to rehear in which they point out that the procedural history recounted in our opinion of July 6, 1993, is incorrect. Upon review of the record, we conclude that a rehearing in this case is unnecessary, because the changes required in the opinion do not affect the result of the appeal or the reasons underlying that result.

The petition is therefore DENIED. The attached opinion will be substituted for the previous opinion released in this case.