**NATIONAL PIZZA COMPANY and Lumbermen's Mutual Insurance Company, Plaintiffs–Appellants,**

v.

**Mary A. Baptist YOUNG, Individually, and as Mother and Next Friend of Amber Marie Young, a Minor, and Robert Terrance Young, II, a Minor, and Roslynn Terrica Young, a Minor, Defendants–Appellees.**

Supreme Court of Tennessee, at Jackson.

June 13, 1994.

Katherine M. Anderson, Dale H. Tuttle, McDonald, Kuhn, Smith, Miller & Tait, Memphis, for appellants.

Bernie M. Kustoff and David F. Kustoff, Memphis, for appellees.

### *OPINION*

ANDERSON, Justice.

In this workers' compensation death case, a settlement was reached which provided that dependents' death benefits were to be paid periodically, but did not specify the method by which attorney's fees were to be paid. The trial court ordered the attorney's fees to be paid in lump sum. The issue on appeal is whether the trial court had that power. We conclude that the Workers' Compensation Reform Act of 1992, as amended,[1] authorizes a trial court to order the lump-

---

1. Tenn.Code Ann. § 50–6–229(a) (Supp.1993).

sum payment of attorney's fees under these circumstances. Accordingly, we affirm the judgment of the trial court.

## BACKGROUND

On December 7, 1992, Robert Young, an employee of National Pizza Company, was killed in the course and scope of his employment. He was survived by his wife, Mary Young, and three minor children. His wife retained attorney Bernie Kustoff to represent the dependents in this cause for an agreed attorney fee of 15 percent. A complaint for workers' compensation death benefits was filed and a negotiated settlement for periodic payments to the dependents in the total amount of $127,296.00, the statutory maximum, was presented to and approved by the trial court. Thereafter, Kustoff moved that the 15 percent attorney fee be paid in lump sum. National Pizza objected and moved to set aside the settlement agreement. The trial court denied the motion to set aside and granted the motion to pay attorney fees in lump sum.

On appeal, National Pizza argues that the trial court had no authority to order payment of the attorney fee in lump sum. It contends that the parties to the settlement agreement did not contemplate such an award, and it reasons that the periodic death benefits may cease in the future due to death or remarriage, and if so, the attorney would not be entitled to a fee representing 15 percent of the maximum recovery of $127,296.00. For the reasons stated below, we disagree and affirm the judgment of the trial court.

## DISCUSSION

■ As part of the Workers' Compensation Reform Act of 1992, Tenn.Code Ann. § 50–6–229(a), was amended to provide:

Attorney's fees may be paid as a partial lump sum from any award when approved and ordered by the trial judge.

Thereafter, we held in *Modine Manufacturing Co. v. Patterson*, 876 S.W.2d 293 (Tenn. 1993), that the statute permits a trial court to order payment of attorney's fees in lump sum in any case on or after July 1, 1992, even though the disability award to the injured worker is not commuted to lump sum. Although *Modine* did not involve death benefits, the principle expressed applies with equal force in death cases. In this case, the lump-sum attorney fee application to the trial court came well after the effective date of the statute. The fact that the attorney fee resulted from a court-approved settlement agreement is irrelevant to the application of the statute, which provides that a lump-sum attorney fee may be ordered from "any *award* when approved and ordered by the trial judge." Clearly, the word "award" includes court-approved settlements, as well as court-ordered benefits. Accordingly, the trial court's action was authorized by the statute, and National Pizza's contention is without merit.

■ Equally without merit is the argument that lump-sum payment of the attorney fee is not appropriate because the attorney would not be entitled to a fee based on the maximum recovery ($127,296.00) if the benefits cease in the future as a result of death or remarriage. In *Jones v. General Accident Ins. Co. of America*, 856 S.W.2d 133 (Tenn. 1993), this Court concluded that *death benefits* awarded under the workers' compensation statute may be commuted to lump sum, despite the possibility that the benefits could cease in the future.

Although *Jones* did not specifically involve attorney's fees, it is only logical to conclude that the attorney, whose services were complete at the time the trial court approved the settlement agreement, should not be denied his statutory right to receive payment in lump sum because there is a possibility that the benefits could cease or decrease in the future. This argument provides no basis upon which to reverse the trial court's order that the attorney fee be paid in lump sum.

## CONCLUSION

Accordingly, after reviewing the record in this cause, as well as the relevant statutory

and case authority, we affirm the trial court's order requiring lump-sum payment of the 15 percent attorney fee. The appellees' request that this be declared a frivolous appeal pursuant to Tenn.Code Ann. § 27–1–122 is denied. Cost of this appeal are taxed against the appellants, National Pizza Company and Lumbermen's Mutual Insurance Company.

REID, C.J., and DROWOTA, O'BRIEN and BIRCH, JJ., concur.