FILED
**Mar 08, 2021**
**01:57 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Jamie Henderson, as Surviving Spouse of David Joe Turner | ) Docket No. 2020-06-1013 |
| | ) |
| | ) State File No. 44049-2020 |
| v. | ) |
| | ) |
| Pee Dee Country Enterprises, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' Compensation Claims | ) Heard February 4, 2021 |
| | ) via WebEx |
| Kenneth M. Switzer, Chief Judge | ) |

---

### Vacated and Remanded

---

This case involves the appeal of an order granting but reducing an attorneys' fee sought by the attorneys for the surviving spouse of a deceased employee. The underlying claim for death benefits was resolved, but the employer declined to pay the attorneys' fee sought by the surviving spouse's attorneys in a lump sum. The employer also objected to the extent of the fee, arguing it was unreasonable under the circumstances of the case. Following a hearing, the trial court awarded an attorneys' fee but reduced it from the amount sought, 20% of the difference between the recovery achieved in Tennessee versus the recovery being paid under the laws of another state, to 7.5% of the additional recovery. The surviving spouse has appealed. Because we conclude the trial court did not address the applicability of certain statutory language governing the approval of attorneys' fees, we vacate the trial court's order and remand the case for further consideration.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Pele I. Godkin joined.

M. Reed Martz and J. Hale Freeland, Oxford, Mississippi, for the surviving spouse-appellant, Jamie Henderson

Lee Anne Murray and Taylor R. Pruitt, Brentwood, Tennessee, for the employer-appellee, Pee Dee Country Enterprises, Inc.

## Factual and Procedural Background

The facts of the accident giving rise to this case are not in dispute. On September 18, 2019 (or soon after midnight on September 19), while traveling in California in the course and scope of his employment with Pee Dee Country Enterprises, Inc. ("Employer"), David Joe Turner ("Employee") was tragically killed in a motor vehicle accident. Employer maintained its business in Davidson County, Tennessee, while Employee and his wife, Jamie Henderson ("Surviving Spouse"), lived in Lafayette County, Mississippi. The claim was accepted as compensable by Employer, and its insurer began paying death benefits under the laws of the State of Mississippi soon after Employee's death.

In December 2019, Surviving Spouse retained her current counsel, who advised her to pursue death benefits under Tennessee law instead of Mississippi law.[1] In January 2020, Surviving Spouse advised Employer of her intent to pursue death benefits in Tennessee. Employer, through its insurer, promptly agreed to pay death benefits pursuant to Tennessee law. It is undisputed that Surviving Spouse had agreed to pay her attorneys twenty percent of the difference between the maximum amount of death benefits payable under Mississippi law ($199,714.50) and the maximum amount payable under Tennessee law ($432,000.00). Twenty percent of the difference of $232,285.50 would equal $46,457.10.

Although the underlying claim for death benefits was settled, the parties could not resolve the issue of attorneys' fees. Employer declined to pay the attorneys' fee in a lump sum and objected to the extent of the fee. On September 16, 2020, the trial court entered an order requiring Surviving Spouse's counsel to supplement the affidavit in support of the request for approval of the attorneys' fees with information documenting the actual time and labor required for his firm's representation of Surviving Spouse. Surviving Spouse's counsel filed this supplemental information as ordered but argued "the appropriate measurement is the reasonableness of the contingency fee rather than the *retrospective* review of time and labor versus the work actually performed."

A hearing to approve the underlying settlement was conducted on October 9, 2020, and the underlying settlement was approved except for the attorneys' fee. Following a subsequent hearing to address the attorneys' fee issue, the trial court issued an order granting an attorneys' fee but reducing the fee from twenty percent of the additional benefit amount to seven-and-one-half percent of the additional benefit amount. Surviving Spouse has appealed.

---

[1] Surviving Spouse argues that Employer erred in initiating the payment of death benefits under Mississippi law by not conducting an appropriate investigation to determine whether Mississippi's workers' compensation tribunals could exercise subject matter jurisdiction over this claim.

**Standard of Review**

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2020). The interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). A trial court's award of attorneys' fees is discretionary and an appellate court's review of such a decision applies an "abuse of discretion" standard of review. *Grissom v. UPS*, No. M2016-00127-SC-R3-WC, 2017 Tenn. LEXIS 4, at *7 (Tenn. Workers' Comp. Panel Jan. 9, 2017). An abuse of discretion is found if the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2020).

**Analysis**

This case requires us to interpret the provisions of Tennessee Code Annotated section 50-6-226(a) governing the fees of attorneys. With respect to cases arising after July 1, 2014, the precise issue before us, which hinges on statutory language in section 50-6-226(a)(1) governing the review of attorneys' fees, is an issue of first impression.

*Approval of Attorneys' Fees*

Tennessee Code Annotated section 50-6-226(a)(1) states that the fees of attorneys for services provided under the Workers' Compensation Law "shall be subject to the approval of the workers' compensation judge before which the matter is pending, *as appropriate*." (Emphasis added.)[2] The statute limits such fees for attorneys representing employees to a maximum of "twenty percent (20%) of the amount of the recovery or award." Tenn. Code Ann. § 50-6-226(a)(1) (2020).[3] The statute further states that "[t]he department *shall* deem the attorney's fee to be reasonable if the fee does not exceed twenty percent (20%) of the award to the injured worker." *Id.* (Emphasis added.)

---

[2] The meaning of the phrase "as appropriate," as used in this context, is also an issue of first impression.

[3] Tennessee Code Annotated section 50-6-102(12)(A) (2020) makes clear that, in claims for death benefits, the word "employee" includes "the employee's legal representatives, dependents and other persons to whom compensation may be payable."

Thereafter, subparagraph 226(a)(2)(C) discusses the approval of attorneys' fees "[i]n cases that proceed to trial," and subsection 226(a)(3) discusses the approval of fees in death claims "when the employer makes a voluntary settlement offer in writing to dependents . . . within thirty (30) days of the date of the employee's death" to pay "all benefits provided *under this chapter*." (Emphasis added.) During oral argument, the parties agreed that neither of these provisions applies in the present case. Moreover, subparagraph 226(a)(2)(D) requires every final order or settlement to include language addressing the amount of the attorneys' fee "in both dollar and percentage terms *and the required findings*." (Emphasis added.) Neither party addressed the applicability or relevance of this provision of the statute. Finally, Tennessee Code Annotated section 50-6-229(a), which governs the commutation of awards to lump sum payments, states that "[a]ttorneys' fees may be paid as a partial lump sum from any *award* when approved and ordered by the trial judge." (Emphasis added.)

*Meaning of the Phrase "Award to the Injured Worker"*

As discussed above, section 50-6-226(a)(1) states that "[t]he department *shall* deem the attorney's fee to be reasonable if the fee does not exceed twenty percent (20%) of the *award to the injured worker*." (Emphasis added.) Employer argues this language is inapplicable in the present case because there has been no "award to the injured worker." In essence, Employer argues that because certain statutory provisions make future payments to Surviving Spouse contingent on potential future events, there has been no "award" within the meaning of section 226(a)(1). We disagree with this contention for two reasons.

First, the settlement agreement in this case, approved by the trial court in its order dated October 14, 2020, states that "Employer agrees to pay and [Surviving Spouse] agrees to accept weekly payments of the applicable weekly compensation rate up to the maximum of Four Hundred Thirty-Two Thousand and 00/100 Dollars ($432,000.00)." Hence, a court order has established the extent of the "award." This interpretation is supported by the Tennessee Supreme Court's decision in *National Pizza Co. v. Young*, 879 S.W.2d 817 (Tenn. 1994), in which the parties had agreed to the payment of periodic death benefits under the Workers' Compensation Law but could not agree on a lump sum payment of attorneys' fees. *Id.* at 818. The trial court ordered the attorneys' fee to be paid in a lump sum, and the employer appealed. On appeal, the employer argued it was inappropriate for the trial court to order the payment of attorneys' fees in a lump sum because of the lack of a definite, quantifiable "award." *Id.* In rejecting this argument, the Supreme Court first explained that "a lump-sum attorney fee may be ordered from 'any *award* when approved and ordered by the trial judge.' Clearly the word 'award' includes court-approved settlements, as well as court-ordered benefits." *Id.* (quoting Tenn. Code Ann. § 50-6-229(a)).

4

Second, the Supreme Court concluded that the contingent nature of future payments does not impact a finding that there has been an "award" on which a lump sum payment of attorneys' fees can be calculated. In reaching this conclusion, the Supreme Court reasoned as follows:

> Equally without merit is the argument that lump-sum payment of the attorney fee is not appropriate because the attorney would not be entitled to a fee on the maximum recovery . . . if the benefits cease in the future as a result of death or remarriage. In *Jones v. General Accident Ins. Co. of America*, 856 S.W.2d 133 (Tenn. 1993), this Court concluded that *death benefits* awarded under the workers' compensation statute may be commuted to lump sum, despite the possibility that benefits could cease in the future.

> Although *Jones* did not specifically involve attorney's fees, it is only logical to conclude that the attorney, whose services were complete at the time the trial court approved the settlement agreement, should not be denied his statutory right to receive payment in [a] lump sum because there is a possibility that the benefits could cease or decrease in the future.

*Id.* *See also Summers v. Knoxville Util. Bd.*, No. 03S01-9703-CH-00029, 1998 Tenn. LEXIS 467, at *6-7 (Tenn. Workers' Comp. Panel Sept. 1, 1998) (in circumstances where employee died prior to the full accrual of permanent total disability benefits, the court held "the attorney's right to a fee became vested when the award was made and . . . the death of the employee did not impair the right of his attorney to the payment of his fee out of the award rather than the recovery"). Therefore, we reject the argument that there has been no "award" of death benefits because of the contingent nature of future payments, and we conclude there has been an "award to the injured worker" as that phrase is used in the second sentence of section 226(a)(1). However, that does not end our inquiry.

Here, the trial court cited the first sentence of section 226(a)(1) in concluding it is required to approve requests for attorneys' fees, then proceeded to analyze the factors listed in Tennessee Supreme Court Rule 8, Rules of Professional Conduct 1.5(a). We conclude this analysis skipped a critical step. Before considering the factors set forth in Rule of Professional Conduct 1.5, the trial court was first required to address whether this case falls within the language of the second sentence of section 226(a)(1) that *requires* "the department" to "deem the attorney's fee to be reasonable if the fee does not exceed twenty percent (20%) of the award to the injured worker."[4]

---

[4] Prior to July 1, 2014, the "Division of Workers' Compensation" operated under the auspices of the Tennessee Department of Labor and Workforce Development. Tennessee Code Annotated section 50-6-102(10) defines the word "[d]epartment" to mean Department of Labor and Workforce Development. The language in section 226(a)(1) that refers to "the department" was previously included in section 50-6-

We conclude it would be inappropriate for us, as a reviewing tribunal, to address an issue of statutory interpretation and the application of that statutory language to the facts of a given case in the first instance without the trial court having addressed the issue. Consequently, we vacate the trial court's order granting attorneys' fees and remand this case for an analysis of whether the second sentence of section 50-6-226(a)(1) is applicable in this case, whether other provisions of section 50-6-226(a) are applicable, and, depending on the court's resolution of those issues, the amount of attorneys' fees to be awarded.

## Conclusion

For the foregoing reasons, we vacate the trial court's October 14, 2020 Order Granting Attorney's Fees and remand the case for further consideration consistent with this opinion. Costs on appeal are taxed to Employee.

---

226(a)(2)(B) of the pre-reform law. Tenn. Code Ann. § 50-6-226(a)(2)(B) (2013). It was first included in an amendment to section 226 in 1996, when the legislature authorized designees of the Department of Labor's Division of Workers' Compensation to approve attorneys' fees in certain circumstances. When the 2013 Workers' Compensation Reform Act was passed, a revised version of this language, including the phrase "the department," was retained and moved to section 226(a)(1). The meaning of the phrase "the department," as used in section 226(a)(1), is also an issue of first impression.

6



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Jamie Henderson, as Surviving Spouse of David Joe Turner | ) Docket No. 2020-06-1013 |
| | ) |
| | ) State File No. 44049-2020 |
| v. | ) |
| | ) |
| Pee Dee Country Enterprises, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) Heard February 4, 2021 |
| Compensation Claims | ) via WebEx |
| Kenneth M. Switzer, Chief Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 8th day of March, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| M. Reed Martz<br>Penny Robinson | | | | X | reed@freelandmartz.com<br>penny@freelandmartz.com |
| Lee Anne Murray<br>Ashley McGee<br>Taylor R. Pruitt | | | | X | leeamurray@feeneymurray.com<br>ashley@feeneymurray.com<br>trp@feeneymurray.com |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov