IN THE SUPREME COURT OF TENNESSEE
SPECIAL WORKERS' COMPENSATION APPEALS PANEL
Assigned on Briefs March 1, 2022

## JAMIE HENDERSON, as Surviving Spouse of DAVID JOE TURNER v. PEE DEE COUNTRY ENTERPRISES, INC. ET AL.

Appeal from the Court of Workers' Compensation Claims
No. 2020-6-1013      Kenneth Switzer, Chief Judge

No. M2021-00970-SC-R3-WC – Mailed May 18, 2022

This appeal arises from an award of attorneys' fees. At issue is whether the trial court, when determining an award of fees in a workers' compensation death case, must consider the reasonableness of the attorneys' fees or whether the trial court must deem the fees reasonable if the fees do not exceed twenty percent of the award. Employer also takes issue with a lump sum award of attorneys' fees. We affirm the trial court's award of $46,457.10 in lump sum.

**Tenn. Code Ann. § 50-6-217(a)(2)(B) Appeal as of Right; Judgment of the Court of Workers' Compensation Claims Affirmed**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which SHARON G. LEE, J., and THOMAS J. WRIGHT, SR. J., joined.

Lee Anne Murray and Taylor R. Pruitt, Brentwood, Tennessee, for the appellants, Pee Dee Country Enterprises, Inc. and Atlantic Specialty Insurance Company.

H. Scot Spragins, Oxford, Mississippi, for the appellee, Jamie Henderson, as surviving spouse of David Joe Turner.

M. Reed Martz and J. Hale Freeland, Oxford, Mississippi, for the intervenor, Freeland Martz, PLLC.

# OPINION

## FACTUAL AND PROCEDURAL BACKGROUND

On September 18, 2019, David Joe Turner ("Employee") was killed in a motor vehicle accident while in the course and scope of his employment with Pee Dee Country Enterprises ("Employer"). Employer maintained its business in Davidson County, Tennessee, and Employee and his surviving spouse, Jamie Henderson, lived in Mississippi. After Employee's death, Employer began paying death benefits under Mississippi law.

In December 2019, Ms. Henderson retained counsel, J. Hale Freeland and M. Reed Martz ("Freeland Martz"), who advised her to seek benefits under Tennessee law. Ms. Henderson agreed to pay counsel twenty percent of the difference between the maximum amount of death benefits payable under Mississippi law ($199,714.50) and the maximum amount of benefits payable under Tennessee law ($432,000).

On July 16, 2020, Freeland Martz filed a petition for benefits determination on Ms. Henderson's behalf with the Court of Workers' Compensation Claims ("trial court") in Tennessee. On August 20, 2020, the trial court entered an order noting that Employer objected to paying attorneys' fees of $46,457.10. The trial court stated that "an affidavit from Ms. Henderson's attorney needs to be filed that explains why the fee is reasonable under Tennessee Supreme Court Rule 8, Rules of Professional Conduct 1.5(a)." On September 16, 2020, the trial court entered an order noting that counsel's affidavit "explained at length the purported reasonableness of his request under many of the applicable factors" but did not provide "specific information about 'the time and labor required.'" Order on Motion for Attorneys' Fees, *Henderson v. Pee Dee Country Enters., Inc.*, No. 2020-06-1013 (Ct. Workers' Comp. Cl. Sept. 16, 2020) (quoting Tenn. Sup. Ct. R. 8, RPC 1.5(a)(1)). Counsel then filed a "fifteen-page itemization of work performed."[1]

On October 14, 2020, the trial court entered an order approving the parties' settlement of the claim for the difference between the maximum amount of death benefits payable under Mississippi law and the maximum amount of death benefits payable under Tennessee law. The trial court, however, awarded Freeland Martz attorneys' fees of only $17,421.41, or seven-and-one-half percent of the additional recovery. In awarding this amount, the trial court considered the factors in Tennessee Supreme Court Rule 8, Rules of Professional Conduct 1.5(a).[2]

---

[1] The trial court noted that the hourly rate for non-attorney time was not listed and that "many of the legal services appear to be for matters unrelated to the workers' compensation claim."

[2] The factors include:

On March 8, 2021, the Workers' Compensation Appeals Board ("Appeals Board") vacated the trial court's order granting attorneys' fees and remanded for further proceedings. *See Henderson v. Pee Dee Country Enters., Inc.*, No. 2020-06-1013 (Tenn. Workers' Comp. App. Bd. Mar. 8, 2021). The Appeals Board cited Tennessee Code Annotated section 50-6-226(a)(1), which states:

> The fees of attorneys for services to employees under this chapter, shall be subject to the approval of the workers' compensation judge before which the matter is pending, as appropriate; provided, that no attorney's fees to be charged employees shall be in excess of twenty percent (20%) of the amount of the recovery or award to be paid by the party employing the attorney. The department shall deem the attorney's fee to be reasonable if the fee does not exceed twenty percent (20%) of the award to the injured worker, or, in cases governed by § 50-6-207(4), twenty percent (20%) of the first four hundred fifty (450) weeks of the award.

Tenn. Code Ann. § 50-6-226(a)(1) (2014 & 2021 Supp.). The Appeals Board noted that "the trial court cited the first sentence of section 226(a)(1) in concluding it is required to approve requests for attorneys' fees, [and] then proceeded to analyze the factors listed in Tennessee Supreme Court Rule 8, Rules of Professional Conduct 1.5(a)." But the Appeals Board said that "this analysis skipped a critical step":

> Before considering the factors set forth in Rule of Professional Conduct 1.5, the trial court was first required to address whether this case falls within the language of the second sentence of section 226(a)(1) that *requires* "the

---

(1)  the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2)  the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3)  the fee customarily charged in the locality for similar legal services;

(4)  the amount involved and the results obtained;

(5)  the time limitations imposed by the client or by the circumstances;

(6)  the nature and length of the professional relationship with the client;

(7)  the experience, reputation, and ability of the lawyer or lawyers performing the services;

(8)  whether the fee is fixed or contingent;

(9)  prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and

(10) whether the fee agreement is in writing.

Tenn. Sup. Ct. R. 8, RPC 1.5(a).

department" to "deem the attorney's fee to be reasonable if the fee does not exceed twenty percent (20%) of the award to the injured worker."

Op. at *5. In short, the Appeals Board remanded the case "for an analysis of whether the second sentence of section 50-6-226(a)(1) is applicable in this case, whether other provisions of section 50-6-226(a) are applicable, and, depending on the court's resolution of those issues, the amount of attorneys' fees to be awarded." *Id.* at *5–6.

The Appeals Board also addressed an additional argument made by Employer that attorneys' fees should not be paid in lump sum because the award of compensation benefits was periodic, contingent, and therefore was not made to the "injured worker." The Appeals Board rejected this argument and held as follows:

> First, the settlement agreement in this case, approved by the trial court in its order dated October 14, 2020, states that "Employer agrees to pay and [Surviving Spouse] agrees to accept weekly payments of the applicable weekly compensation rate up to the maximum of Four Hundred Thirty-Two Thousand and 00/100 Dollars ($432,000.00)." Hence, a court order has established the extent of the "award." This interpretation is supported by the Tennessee Supreme Court's decision in *National Pizza Co. v. Young*, 879 S.W.2d 817 (Tenn. 1994), in which the parties had agreed to the payment of periodic death benefits under the Workers' Compensation Law but could not agree on a lump sum payment of attorneys' fees. *Id.* at 818. The trial court ordered the attorneys' fee to be paid in a lump sum, and the employer appealed. On appeal, the employer argued it was inappropriate for the trial court to order the payment of attorneys' fees in a lump sum because of the lack of a definite, quantifiable "award." *Id.* In rejecting this argument, the Supreme Court first explained that "a lump-sum attorney fee may be ordered from 'any *award* when approved and ordered by the trial judge.' Clearly the word 'award' includes court-approved settlements, as well as court-ordered benefits." *Id.* (quoting Tenn. Code Ann. § 50-6-229 (a)).

> Second, the Supreme Court concluded that the contingent nature of future payments does not impact a finding that there has been an "award" on which a lump sum payment of attorneys' fees can be calculated. In reaching this conclusion, the Supreme Court reasoned as follows:

>> Equally without merit is the argument that lump-sum payment of the attorney fee is not appropriate because the attorney would not be entitled to a fee on the maximum recovery . . . if the benefits cease in the future as a result of death or remarriage. In *Jones v. General Accident Ins. Co. of America*,

- 4 -

856 S.W.2d 133 (Tenn. 1993), this Court concluded that *death benefits* awarded under the workers' compensation statute may be commuted to lump sum, despite the possibility that benefits could cease in the future.

Although *Jones* did not specifically involve attorney's fees, it is only logical to conclude that the attorney, whose services were complete at the time the trial court approved the settlement agreement, should not be denied his statutory right to receive payment in [a] lump sum because there is a possibility that the benefits could cease or decrease in the future.

Op. at *4–5.

On April 19, 2021, on remand, the trial court considered supplemental briefs filed by the parties and again imposed attorneys' fees of $17,421.41 to be paid in a lump sum. The trial court concluded that "only the first sentence of section 50-6-226(a) applies, and [that] it has the sole discretion in determining the attorney's fees to be awarded in this case." The trial court reasoned that "the legislative intent of this sentence is that all fees must be approved, and the Court of Workers' Compensation Claims has exclusive jurisdiction over this case to approve fees, among other matters." The trial court also concluded that "the second sentence of section 50-6-226(a)(1), requiring that a fee must be approved by 'the department' applies in limited circumstances such as Tennessee Code Annotated section 50-6-210(f),[3] but it is inapplicable here."

*Workers' Compensation Appeals Board (Decision II)*

On July 23, 2021, the Appeals Board—in a two-to-one decision—reversed the trial court's order and remanded "for entry of an order approving the attorney's fee agreed to by the surviving spouse and her attorney." *Henderson v. Pee Dee Country Enters., Inc.*, No. 2020-06-1013 (Tenn. Workers' Comp. App. Bd. July 23, 2021). The majority observed that "the plain language of the initial sentence [of section 226(a)(1)] makes clear that attorney's fees are subject to the approval of the workers' compensation judge before whom the matter is pending," but that "the crux of the appeal hinges on the second sentence of section 226(a)(1), which mandates 'the department' to deem fees for attorneys representing employees to be reasonable in certain circumstances." *Id.* at *5. With regard to this portion of the statute, the majority reasoned as follows:

---

[3] Tennessee Code Annotated section 50-6-210(f) allows the administrator to approve settlements in claims involving the death of an employee whose dependents are citizens of another country. But nothing in that section relates to the approval of attorneys' fees.

Specifically, that sentence presents two scenarios where the discretion to refuse to approve attorney's fees is limited: (1) when an attorney's fee does not exceed 20% of the "award to the injured worker" and (2) when an attorney's fee does not exceed 20% of the first 450 weeks under section 50-6-207(4). In both circumstances described in this sentence, the only entity vested with authority to approve attorney's fees is the Court of Workers' Compensation Claims. Moreover, there is a clear statutory link between the Court of Workers' Compensation Claims and the phrase "the department." First, the Court of Workers' Compensation Claims operates under the auspices of the Bureau of Workers' Compensation. *See* Tenn. Code Ann. § 50-6-237. Second, the term "bureau" is defined to mean "the bureau of workers' compensation *of* the department of labor and workforce development." Tenn. Code Ann. § 50-6-102(5) (emphasis added). Finally, the word "department" is statutorily defined to mean "the department of labor and workforce development." Tenn. Code Ann. § 50-6-102(10).

*Id.* at *5–6 (footnotes omitted). In short, "when considering the plain and ordinary meaning of the statutory language within the context of this section and the entire workers' compensation law, we conclude the phrase 'the department' includes judges on the Court of Workers' Compensation Claims, and this sentence limits their discretion to refuse to approve attorney's fees in either of the scenarios specified in that sentence." *Id.* at *6.

In contrast, the dissent concluded that the word "department" in the second sentence of section 226(a)(1) does not include the court of workers' compensation claims and does not limit the court's authority to consider the reasonableness of attorneys' fees. After reviewing the previous and current statutory schemes, the dissent explained:

[N]o authority was cited and neither the majority nor I have located legislative history addressing whether the legislature intended to limit the discretion of a workers' compensation judge by mandating the judges "deem the attorney's fee to be reasonable if the fee does not exceed twenty percent (20%)." Indeed, it would have been a simple matter for the legislature to say so. It would have avoided the present ambiguity had the statute stated that "[t]he workers' compensation judge shall deem the attorney's fee to be reasonable . . .," if that was the legislature's intent. The Act clearly expresses the legislature's intent that the judges of the Court of Workers' Compensation Claims are to perform "the adjudicative function within the [bureau] of workers' compensation." Tenn. Code Ann. § 50-6-102(9) (2019). The 2013 Act, as amended, made the Bureau "an autonomous unit that shall be attached to the department of labor and workforce development for administrative matters only." Irrespective that the majority finds "a clear

statutory link between the Court of Workers' Compensation Claims and the phrase 'the department,'" it is my conclusion the "department," as used in section 50-6-226(a)(1) (2019), does not include the judges of the Court of Workers' Compensation Claims.

Dissenting op. at *1–6. The Appeals Board did not address the issue of whether the attorneys' fees should be paid in lump sum.

Following remand for the second time, the trial court awarded attorneys' fees of $46,457.10, payable in lump sum. Employer appealed to this Court. Ms. Henderson's current counsel has also filed a brief supporting Employer's arguments. Ms. Henderson's previous counsel, Freeland Martz, has filed a brief as an intervening party.

### ISSUES

Employer raises the following issues on appeal:

1. Whether the Appeals Board erred in holding that the second sentence of Tennessee Code Annotated section 50-6-226(a)(1) applies to this case; and

2. In the alternative, if the second sentence of Tennessee Code Annotated section 50-6-226(a)(1) applies to this case, whether the award to the injured worker is a periodic payment of death benefits that precludes an attorney's fee based on the maximum total benefit.

### STANDARD OF REVIEW

This case concerns the construction of Tennessee Code Annotated section 50-6-226(a)(1). Questions of statutory construction are reviewed *de novo* with no presumption of correctness afforded to the trial court's conclusions of law. *State v. Gibson*, 506 S.W.3d 450, 455 (Tenn. 2016); *State v. Dycus*, 456 S.W.3d 918, 924 (Tenn. 2015). A court must "assign a statute the full effect of the legislative intent without restricting or expanding the intended scope of the statute." *Gibson*, 506 S.W.3d at 455; *State v. Smith*, 484 S.W.3d 393, 403 (Tenn. 2016). To determine legislative intent, courts "first look to the plain language of the statute, giving the statute's words their natural and ordinary meaning." *Gibson*, 506 S.W.3d at 455; *State v. Davis*, 484 S.W.3d 138, 145 (Tenn. 2016). "When those words are clear and unambiguous, courts enforce the statute as written and need not consider other sources of information." *Gibson*, 506 S.W.3d at 456. If the language is ambiguous, courts look to the "broader statutory scheme, the history of the legislation, or other sources to discern its meaning." *Id.* (quoting *Smith*, 436 S.W.3d at 762). A court must "presume that every word in the statute has meaning and purpose and should be given full effect unless it violates the obvious intent of the General Assembly."

*Id.* Further, we must "construe a statute so that no part will be inoperative, superfluous, void, or insignificant. We are required to give effect to every word, phrase, clause, and sentence of the act in order to achieve the Legislature's intent and [we] must construe a statute so that no section will destroy another." *McGee v. Best*, 106 S.W.3d 48, 64 (Tenn. Ct. App. 2002) (citing *Mangrum v. Owens*, 917 S.W.2d 244, 246 (Tenn. Ct. App. 1995)).

## ANALYSIS

As noted above, this case involves Tennessee Code Annotated section 50-6-226(a)(1), which provides as follows:

> The fees of attorneys for services to employees under this chapter, shall be subject to the approval of the workers' compensation judge before which the matter is pending, as appropriate; provided, that no attorney's fees to be charged employees shall be in excess of twenty percent (20%) of the amount of the recovery or award to be paid by the party employing the attorney. The department shall deem the attorney's fee to be reasonable if the fee does not exceed twenty percent (20%) of the award to the injured worker, or, in cases governed by § 50-6-207(4), twenty percent (20%) of the first four hundred fifty (450) weeks of the award.

The parties urge two different constructions of the applicable statute and, indeed, the trial court and the Appeals Board construed the statute in two different ways. Employer contends that because the workers' compensation *judge* must approve the attorney's fee, the first sentence of the statute is dispositive. Employer argues that the second sentence of the statute only applies when "the department" reviews the fee. Previous counsel for Ms. Henderson, Freeland Martz, contends that the second sentence of the statute controls so that as long as the fee does not exceed twenty percent of the award to the injured worker, the fee shall be deemed reasonable. Previous counsel argues that "the department" necessarily includes the workers' compensation courts; otherwise, the second sentence of the statute is meaningless.

Some historical background is helpful to our discussion. Before the 2013 statutory revisions to the workers' compensation law and the creation of the Court of Workers' Compensation Claims, the "Division of Workers' Compensation" operated under the Tennessee Department of Labor and Workforce Development. The second sentence of the statute, which refers to "the department," was previously included in section 50-6-226(a)(2)(B). At that time, authorized designees of the Department of Labor's Division of Workers' Compensation approved attorneys' fees in certain circumstances. When the revised Act was passed in 2013, this language including the phrase, "the department," was retained and moved to the second sentence of section 226(a)(1). Under the current Act, the Court of Workers' Compensation Claims operates under the auspices

of the Bureau of Workers' Compensation. Tenn. Code Ann. § 50-6-237 (2014 & 2021 Supp.). The term "bureau" is defined as "the bureau of workers' compensation of the department of labor and workforce development." Tenn. Code Ann. § 50-6-102(5). The word "department" is defined as "the department of labor and workforce development." Tenn. Code Ann. § 50-6-102(10).

The Appeals Board found that, when considering the statutory scheme as a whole, the word "department" must be construed to include the judges of the Court of Workers' Compensation Claims. The Appeals Board noted that if "department" does not include judges on the Court of Workers' Compensation Claims, it is unclear to whom that term applies because there are "no other persons or entities within the Tennessee Bureau of Workers' Compensation or the Department of Labor and Workforce Development who have the authority to review and approve attorney's fees based on an 'award to the injured worker'..." Op. at *6–7.

We agree with the analysis of the Appeals Board. Certainly, the use of two different terms, i.e., "judge" and "department," creates some ambiguity, and this discrepancy in the language is ripe for review by the legislature. However, when considering the statute as a whole, it appears the continued use of the word "department" is a vestige from the previous statutory scheme. To construe the statute in the way proffered by Employer renders the second sentence of the statute without meaning, and we must "construe a statute so that no part will be inoperative, superfluous, void, or insignificant. We are required to give effect to every word, phrase, clause, and sentence of the act in order to achieve the Legislature's intent and [we] must construe a statute so that no section will destroy another." *McGee*, 106 S.W.3d at 64. The statutory scheme, as a whole, contemplates that the department would include the Court of Workers' Compensation Claims.

Although not argued by either party, it is noteworthy that subsection 226(a)(3) of the statute provides as follows:

> In accident cases that result in death of an employee, the plaintiff's attorney's fees shall not exceed reasonable payment for actual time and expenses incurred when the employer makes a voluntary settlement offer in writing to dependents or survivors eligible under § 50-6-210 within thirty (30) days of the employee's death if the employer offers to provide the dependents or survivors with all the benefits provided under this chapter. The approving authority shall review and approve the settlements on an expedited basis.

This subsection does not apply to the present case because no such offer was made, but it reflects the legislature's intent to limit an award of attorneys' fees to reasonable payment based on actual time and expenses incurred only in specifically designated cases. In

- 9 -

addition, subsection 226(a)(2)(C) provides that in cases that proceed to trial, "an employee's attorney shall file an application for approval of a proposed attorney's fee. Where the award of an attorney's fee exceeds ten thousand dollars ($10,000), the court shall make specific findings as to the factors that justify the fee as provided in Tennessee Supreme Court Rule 8, RPC 1.5." Again, the legislature has specifically articulated the circumstances under which a review of the reasonableness of time and expenses is required. In the present case, which was not tried and was not settled under the terms of subsection (a)(3), we conclude that subsection (a)(1) is properly construed to require that attorneys' fees be deemed reasonable when those fees do not exceed twenty percent of the award.[4] We affirm the decision of the trial court awarding an attorney's fee of $46,457.10.

As an additional argument, Employer contends that if we affirm the award of attorneys' fees, the award should not be payable in lump sum. Employer argues that there has been no "award to the injured worker" because the payments are periodic and contingent. As set forth above, the Appeals Board considered and rejected this argument in the first appeal, and we agree with that decision. This issue was squarely addressed in *National Pizza Co. v. Young*, 879 S.W.2d 817 (Tenn. 1994) and is without merit.

## CONCLUSION

We affirm the judgment of the trial court awarding attorneys' fees of $46,457.10 in lump sum. Costs are taxed to the appellants, Pee Dee Country Enterprises and Atlantic Specialty Insurance Company, for which execution may issue if necessary.

KRISTI M. DAVIS, JUDGE

---

[4] We note, additionally, that the attorney's fee in the present case was not actually twenty percent of the total award but rather twenty percent of the difference between the maximum award under Tennessee law and Mississippi law, meaning the attorneys took less than the full twenty percent authorized by the statute.

FILED

JUN 2 0 2022

Clerk of the Appellate Courts
Rec'd By _____

IN THE SUPREME COURT OF TENNESSEE
SPECIAL WORKERS' COMPENSATION APPEALS PANEL
AT NASHVILLE

## JAMIE HENDERSON v. PEE DEE COUNTRY ENTERPRISES, INC. ET AL.

**Appeal from the Court of Workers' Compensation Claims**
**No. 2020-06-1013    Kenneth Switzer, Chief Judge**

---

### No. M2021-00970-SC-R3-WC

---

### JUDGMENT ORDER

This case is before the Court upon the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Memorandum Opinion setting forth its findings of fact and conclusions of law, which are incorporated herein by reference.

Whereupon, it appears to the Court that the Memorandum Opinion of the Panel should be accepted and approved; and

It is, therefore, ordered that the Panel's findings of fact and conclusions of law are adopted and affirmed, and the decision of the Panel is made the judgment of the Court.

Costs are assessed to the appellants, Pee Dee Country Enterprises and Atlantic Specialty Insurance Company, for which execution may issue if necessary.

It is so ORDERED.

PER CURIAM