FILED

OCT 2 8 2022

Clerk of the Appellate Courts
Rec'd By _____

IN THE SUPREME COURT OF TENNESSEE
SPECIAL WORKERS' COMPENSATION APPEALS PANEL
AT NASHVILLE
Assigned on Briefs July 6, 2022

## SONNEY SUMMERS v. RTR TRANSPORTATION SERVICES, ET AL.

**Appeal from the Workers' Compensation Appeals Board**
**Court of Workers' Compensation Claims**
**No. 2020-05-0875, Robert Durham, Judge**

---

### No. M2022-00084-SC-R3-WC – MAILED SEPTEMBER 27, 2022

---

Employee Christine Summers was killed in the course and scope of her employment with RTR Transportation Services. Employee's surviving spouse, Sonney Summers, filed a claim for death benefits. The parties ultimately agreed that Mr. Summers was entitled to death benefits. However, they disagreed regarding whether the death benefits should be paid in a lump sum. They also disagreed regarding whether Mr. Summers's attorneys were entitled to have their fees paid in a lump sum and whether attorneys' fees were recoverable for burial expenses. The trial court determined that neither Mr. Summers's death benefits nor the attorneys' fees should be commuted to a lump sum payment. The trial court also found that attorneys' fees were not recoverable for burial expenses. The Workers' Compensation Appeals Board affirmed. Employee has appealed, and the appeal has been referred to the Special Workers' Compensation Appeals Panel for consideration and a report of findings of fact and conclusions of law pursuant to Tennessee Supreme Court Rule 51. We affirm in part and reverse in part.

**Tenn. Code Ann. § 50-6-217(a)(2)(B) Appeal as of Right;**
**Decision of the Workers' Compensation Appeals Board Affirmed in Part and**
**Reversed in Part**

ROBERT E. LEE DAVIES, SR. J., delivered the opinion of the court, in which SARAH K. CAMPBELL., J., and THOMAS J. WRIGHT, SR. J., joined.

Stephen K. Heard, Nashville, Tennessee, and Samuel B. Garner Jr., Pulaski, Tennessee, for the appellant, Sonney Summers.

Rosalia Fiorello, Nashville, Tennessee, for the appellees, RTR Transportation Services and

Carolina Casualty Insurance Company.

## OPINION

### Factual and Procedural Background

On August 19, 2020, while hauling freight for RTR Transportation Services ("Employer"), Christine Summers ("Employee") stopped her truck on the side of the interstate and was killed. Employee's surviving spouse and only dependent, Sonney Summers, filed a claim for death benefits. Employer, through its insurance carrier, denied the claim on September 8, 2020, pending completion of its investigation. A petition for benefit determination was filed on September 10, 2020. On November 17, 2020, the parties entered into a mediated settlement agreement that stated Employer had completed its investigation, determined the claim to be compensable, would begin making death benefit payments, and agreed to pay for funeral expenses.

On February 10, 2021, Mr. Summers filed another petition for benefit determination, requesting that the death benefits be converted to a lump sum payment and seeking attorneys' fees. A dispute certification notice was filed. The parties agreed that Employee's average weekly wage was $1,116.45. If paid out in weekly benefits, Mr. Summers would be entitled to $558.23 per week. But the parties disagreed on the rate if paid in a lump sum. The parties also disagreed regarding whether Mr. Summers's attorneys were entitled to twenty percent of a lump sum award and whether they were entitled to fees on the amount of burial expenses. Attorneys for Mr. Summers also filed an application for approval of attorneys' fees of $90,885, which was based on application of their twenty-percent contingency fee agreement to the maximum death benefit of $447,300 as well as the burial expenses of $7,125.

A compensation hearing was held on July 28, 2021. The sole witness was Mr. Summers. He testified that at the time of Employee's death, they resided together in Pulaski, Tennessee, and that after Employee died, he moved to Alabama in order to have custody of his three grandchildren. At the time of trial, Mr. Summers had temporary custody of his grandchildren but anticipated receiving permanent custody. Mr. Summers also testified that he was disabled and having trouble moving around his home in Pulaski because he was required to use a motorized wheel chair. He stated that he built a home in Alabama to accommodate his grandchildren and his disability.

Mr. Summers receives social security disability benefits, as well as benefits for his grandchildren whose father is deceased. His monthly expenses exceed his monthly income

by $371.34. He owns outright the home in Alabama, for which he had paid approximately $275,000. The home in Pulaski also was unencumbered, and he expected to make $100,000 on the sale of that home. He had $146,000 in cash savings, as well as a coin collection worth approximately $10,000 to $20,000, and a number of cars. His only debt was an installment loan of $11,000 for a vehicle. His current financial position was due in part to the use of Employee's life insurance proceeds.

Mr. Summers agreed that a monthly payment of the death benefit would cover his monthly deficit until he "had a need." He indicated if he were awarded the death benefit in a lump sum, he would "[u]se the money to take care of my grandchildren and to make sure that we have a decent life," including providing for their education. He wanted the lump sum payment so it would "be in the background of maintaining [his] life" and also noted that eventually he would need a specially equipped van.

The trial court entered a compensation order granting benefits on August 9, 2021. The trial court denied Mr. Summers's request to commute the payment of death benefits to a lump sum, denied the request to award attorneys' fees as a lump sum, and denied the request to award attorneys' fees on burial expenses. As a result, the trial court awarded Mr. Summers death benefits in the weekly amount of $558.23 from August 20, 2020, until his dependency ends through remarriage or death or the benefits paid equal the maximum total benefit of $447,300. The trial court ordered that Employer pay a lump-sum award of $27,991.25 in accrued benefits, from which Mr. Summers's counsel was awarded twenty percent in attorneys' fees in the amount of $5,598.25. For the remaining award, the trial court ordered that Mr. Summers receive bi-weekly payments in the amount of $883.17, which equates to his death benefit less attorneys' fees, for so long as the benefits are owed. It was further ordered that Mr. Summers's two attorneys would receive $223.29 bi-weekly to be divided between them so long as benefits are owed. Mr. Summers appealed to the Workers' Compensation Appeals Board, which entered an order on December 22, 2021, affirming the trial court and certifying the order as final.

Mr. Summers has appealed and states three issues for this Panel's consideration, which we have slightly restated:
1. Did the Court of Workers' Compensation Claims abuse its discretion by denying Mr. Summers's request to have his death benefits commuted to a lump sum?
2. Did the Court of Workers' Compensation Claims abuse its discretion by denying Mr. Summers's request that his attorneys be paid in a lump sum equal to twenty percent of the maximum total benefit rather than periodically?
3. Did the Court of Workers' Compensation Claims incorrectly rule that Mr. Summers's attorneys are not entitled to recover attorneys' fees on burial expenses?

- 3 -

## Standard of Review

Review of factual issues is *de novo* upon the record of the trial court, accompanied by a presumption of correctness of the trial court's factual findings, unless the preponderance of the evidence is otherwise. See Tenn. Code Ann. § 50-6-225(a)(2) (2014 & Supp. 2021). Reviewing courts afford no presumption of correctness to a trial court's conclusions of law. Seiber v. Reeves Logging, 284 S.W.3d 294, 298 (Tenn. 2009). A trial court's discretionary decision to permit or refuse lump-sum commutation of workers' compensation death benefits or attorneys' fees is reviewed for abuse of discretion. See Tenn. Code Ann. § 50-6-229(a); Perdue v. Green Branch Min. Co., 837 S.W.2d 56, 58 (Tenn. 1992); Spencer v. Towson Moving and Storage, Inc., 922 S.W.2d 508, 511 (Tenn. 1996).

## Analysis

### I. Lump Sum Payment of Death Benefit

The workers' compensation law provides that a surviving spouse of a deceased employee who has no dependent children shall receive compensation equal to fifty percent of the average weekly wages of the deceased. Tenn. Code Ann. § 50-6-210(e)(1). These benefits end upon death or remarriage of the surviving spouse. Id. § 50-6-210(e)(4), (8). If death or remarriage does not occur, the benefits continue until reaching the maximum total benefit, which is equal to 450 weeks times the maximum compensation rate. Id. § 50-6-210(e)(10); id. § 50-6-102(15)(D). Here, the parties agree that the maximum total benefit is $447,300. The only dispute is whether this amount should be paid in a lump sum.

The workers' compensation law generally provides that amounts payable periodically may be commuted to a lump sum upon the approval of the court of workers' compensation claims. Id. § -229(a). The statute further provides that "[i]n determining whether to commute an award, the trial court shall consider whether the commutation will be in the best interest of the employee, and the court shall also consider the ability of the employee to wisely manage and control the commuted award, regardless of whether special needs exist." Id. While periodic benefits may be commuted under the statute, the Tennessee Supreme Court has explained that the purpose of death benefits under the worker's compensation law is to provide periodic payments to a deceased employee's dependents as a substitute for the lost wages of the deceased. Clayton v. Cookeville Energy, Inc., 824 S.W.2d 167, 170 (Tenn. 1992). As a result, the Tennessee Supreme Court "has long recognized that lump sum awards are an exception to the general purposes of our worker's compensation law," and should not occur "as a matter of course." Id. at 169.

- 4 -

More recently, in Educators Credit Union v. Gentry, No. M2003-02865-WC-R3-CV, 2005 WL 6136607, at *4 (Tenn. Workers' Comp. Panel Mar. 9, 2005), the Panel held, as a matter of law, that death benefits payable to a sole surviving spouse with no other dependents may not be commuted to a lump sum. The panel reasoned that commutation to a lump sum in such circumstances would be inconsistent with the statutory contingencies for future death or remarriage, and also would be inconsistent with the purpose of the periodic payments as a substitute for the regular lost wages of the deceased. Id. at *4–5. Subsequently, the Panel in Reynolds v. Free Service Tire Company, No. E2014-02233-SC-R3-WC, 2015 WL 5455674, at *4–5 (Tenn. Workers' Comp. Panel Sept. 16, 2015) held that commuting benefits to a lump sum would be inconsistent with the statutory scheme as discussed in Gentry.

Here, the trial court found that commutation of a lump sum was impermissible under Gentry. However, the trial court went on to find that, even if Gentry were not controlling, Mr. Summers had not carried his burden to show that commutation was in his best interest or that he was able to wisely manage and control the commuted award. Mr. Summers argued before the Appeals Board that Gentry and Reynolds were wrongly decided and are inconsistent with Jones v. General Accident Insurance Co. of America, 856 S.W.2d 133, 136 (Tenn. 1993), where the Tennessee Supreme Court addressed the commutation of death benefits to a sole surviving spouse, holding that a lump sum award would not be in the spouse's interest. Mr. Summers argued that, implicit in Jones, is a holding that commutation of an award to a sole surviving spouse is not prohibited. However, Gentry distinguished Jones, explaining that Jones "dealt with a broader question of whether death benefits awarded pursuant to Section 50-6-210 *can* be commuted to a lump sum in accordance with Section 50-6-229(a), a section dealing with commutation in general." Gentry, 2005 WL 6136607, at *3. In contrast, the issue in Gentry was "whether, under the specific subsections (e)(4) and (8) of Tenn. Code Ann. § 50-6-210, death benefits payable to a *sole* surviving spouse can be commuted to a lump sum." Id.

The Appeals Board ultimately concluded that it need not address how persuasive the unpublished Gentry and Reynolds decisions are because the trial court found that it would not commute the death benefit even if Gentry were not controlling. Summers v. RTR Transp. Serv., 2020-05-0875, 2021 WL 6119551, at *4 (Tenn. Workers' Comp. App. Bd. Dec. 22, 2021). The Appeals Board went on to explain that it was Mr. Summers's burden to establish that a lump sum payment was in his best interest, that he was capable of wisely managing a commuted award, and that the trial court abused its discretion in declining to award a lump sum payment. Id. at *5. The Appeals Board observed that Mr. Summers "ha[d] not addressed how or in what manner the trial court's conclusion amounted to an abuse of the court's discretion[.]" Id. Thus, the Appeals Board stated that

- 5 -

it was "unable to conclude that the trial court's denial of the request for commutation of the death benefits was an abuse of the discretion[.]" Id.

Before this Panel, Mr. Summers argues, as he did below, that Gentry and Reynolds were wrongly decided. However, we agree with the Appeals Board that we need not address whether Gentry and its progeny were wrongly decided because the trial court stated that it would not commute the award even if Gentry did not control. To that end, Mr. Summers simply argues that commutation of the award is in his best interest and he is able to wisely manage his money. We are mindful that the Tennessee Supreme Court has instructed that "lump sum awards are an exception to the general purposes of our worker's compensation law," and should not occur "as a matter of course." Clayton, 824 S.W.2d at 169. Mr. Summers testified that his monthly expenses exceed his monthly income by $371.34, which will be sufficiently addressed by the periodic payment of the death benefit. While Mr. Summers stated that he would like to have a lump sum payment to be in the "background" of maintaining his life, he has other assets including his unencumbered Tennessee residence, $146,000 in cash savings, and the anticipated proceeds from the sale of his previous home. On this record, we agree with the Appeals Board that the trial court did not abuse its discretion in declining to commute the award to a lump sum payment.

## II. Lump Sum Payment of Attorneys' Fees

Mr. Summers entered into a twenty-percent contingency fee agreement with his attorneys. Such an agreement is deemed to be reasonable by statute. Tenn. Code Ann. § 50-6-226(a). Mr. Summers requested that his attorneys be awarded a lump sum amount equal to twenty percent of the maximum total benefit.

The workers' compensation law provides that "[a]ttorneys' fees may be paid as a partial lump sum from any award when approved and ordered by the trial judge." Id. § 50-6-229(a). Whether to commute an award of attorney's fees is within the discretion of the trial court. See Spencer, 922 S.W.2d at 511. However, the Tennessee Supreme Court "has routinely commuted attorney's fees to a lump sum [award]." Id. (citing Modine Mfg. Co. v. Patterson, 876 S.W.2d 293 (Tenn. 1993); Huddleston v. Hartford Accident & Indem. Co., 858 S.W.2d 315 (Tenn. 1993)). The Tennessee Supreme Court also has made it clear that, in a death case, attorneys' fees may be paid in a lump sum, even if the death benefits are paid periodically. See id.; Nat'l Pizza Co. v. Young, 879 S.W.2d 817, 818 (Tenn. 1994).

The trial court declined to commute the attorneys' fees to a lump sum, noting that it was possible that a fee award to the attorneys of approximately $90,000 could exceed actual benefits paid to Mr. Summers if he were to die or remarry. The trial court found that

this would be inequitable to Employer and outweighed the inconvenience to counsel of receiving their fees periodically. The Appeals Board affirmed, finding that the trial court did not abuse its discretion in denying the request to award attorneys' fees in a lump sum. Summers, 2021 WL 6119551, at *6.

While we are mindful that the decision regarding whether to commute an attorney fee award to a lump sum is within the discretion of the trial court, Spencer, 922 S.W.2d at 511, we are also guided by the Tennessee Supreme Court's statements that attorneys' fees are routinely commuted, including in cases where the death benefit is paid periodically. See id.; Nat'l Pizza Co., 879 S.W.2d at 818; see also Henderson v. Pee Dee Country Enter., No. M2021-00970-SC-R3-WC, 2022 WL 2202871, at *6 (Tenn. Workers' Comp. Panel June 20, 2022) (rejecting argument that award of attorneys' fees should not be paid in a lump sum because the payments to the injured worker were periodic and contingent). In reversing the trial court's refusal to commute attorney's fees in Spencer, Justice Birch observed that if the fee were to be paid incrementally, the attorneys would not be paid in full until more than seven and a half years (400 weeks) after the death of the employee, 922 S.W.2d at 511 n.5, and that "stretching out the payment of attorneys' fees over a number of months or years imposes additional administrative burdens and costs on employers, insurance companies, and on lawyers and law firms." Id. at 511.

Here, we find that the trial court's stated reasoning for declining to commute the award—that it would be inequitable to Employer if the lump sum attorneys' fee award were to exceed the payments made to Mr. Summers if he died or remarried, and that this outweighed the inconvenience to Mr. Summers's counsel of receiving their fees periodically—is in conflict with our Supreme Court's statements favoring the commutation of attorneys' fee awards. Indeed, the Supreme Court has specifically rejected "the argument that lump-sum payment of the attorney fee is not appropriate because the attorney would not be entitled to a fee based on the maximum recovery . . . if the benefits cease in the future as a result of death or remarriage." Nat'l Pizza Co., 879 S.W.2d at 818. Thus, we find that the trial court abused its discretion in declining to commute the award of attorneys' fees to a lump sum payment.[1]

---

[1] The Supreme Court held in Spencer that, "[b]y using the word 'may' [in section 50-6-229(a)], the legislature has placed the decision of whether to commute attorney's fees in the discretion of the trial court." 922 S.W.2d at *511. At the same time, Spencer also suggests that a court should only rarely, if ever, decline to commute an award of attorney's fees. Id. (acknowledging that the decision "is a matter of discretion for the trial judge" but holding that the trial court had abused its discretion by declining to commute the entire attorneys' fees award to a lump sum because "stretching out the payment of attorneys' fees over a number of months or years imposes additional administrative burdens and costs on employers, insurance companies, and on lawyers and law firms"). Given this tension, the legislature may wish to amend

- 7 -

### III. Attorneys' Fees for Burial Expenses

Mr. Summers's counsel sought to recover twenty percent in attorneys' fees on the $7,125 in burial expenses paid by Employer. The trial court declined to award attorneys' fees on the burial expenses, relying on section 50-6-226(a)(2)(A), which provides that "[m]edical costs that have been voluntarily paid by the employer or its insurer shall not be included in determining the award for purposes of calculating the attorney's fee." The trial court observed that there is no case law or statute regarding attorneys' fees on burial expenses, but found that burial expenses are akin to medical expenses, as both are addressed in section 50-6-204. The trial court reasoned that attorneys' fees are generally not available on medical expenses that are not contested at trial and applied that same principle to burial expenses. The Appeals Board affirmed, stating that although there is no statutory provision addressing an award of attorneys' fees on burial expenses in this scenario, it was persuaded by the analogy to the recovery of attorneys' fees on voluntarily paid medical expenses. Summers, 2021 WL 6119551, at *7.

We find that the courts below erred as a matter of law in holding that burial expenses should be excluded by analogy under section -226(a)(2)(A). That statutory provision, by its plain language, only requires the exclusion of medical costs voluntarily paid. While section 50-6-204 addresses both medical costs and burial expenses, they are distinct expenses. Mr. Summers's counsel is entitled to recover attorneys' fees on the amount of burial expenses.

### Conclusion

For the foregoing reasons, the judgment of the Appeals Board is affirmed with regard to the payment of periodic benefits to Employee. The judgment of the Appeals Board is reversed to the extent it declined to commute the award of attorneys' fees and failed to award attorneys' fees for burial expenses. We remand to the trial court for further proceedings consistent with this opinion. Costs on appeal are taxed one half to Plaintiff-Appellant Sonney Summers, and one half to Defendant-Appellees RTR Transportation Services and Carolina Casualty Insurance Company, for which execution may issue if necessary.

_____
ROBERT E. LEE DAVIES, SENIOR JUDGE

---

the workers' compensation law to either mandate lump sum payments of attorneys' fees or clarify the circumstances in which periodic payments are permissible.

- 8 -

IN THE SUPREME COURT OF TENNESSEE
SPECIAL WORKERS' COMPENSATION APPEALS PANEL
AT NASHVILLE

## SONNEY SUMMERS v. RTR TRANSPORTATION SERVICES ET AL.

**Appeal from the Workers' Compensation Appeals Board**
**Judge Robert Durham - No. 2020-05-0875**

---

### No. M2022-00084-SC-R3-WC

---

### JUDGMENT ORDER

This case is before the Court upon the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Memorandum Opinion setting forth its findings of fact and conclusions of law, which are incorporated herein by reference.

Whereupon, it appears to the Court that the Memorandum Opinion of the Panel should be accepted and approved; and

It is, therefore, ordered that the Panel's findings of fact and conclusions of law are adopted and affirmed, and the decision of the Panel is made the judgment of the Court.

Costs are assessed one half to Plaintiff-Appellant Sonney Summers, and one half to Defendant-Appellees RTR Transportation Services and Carolina Casualty Insurance Company, for which execution may issue if necessary.

It is so ORDERED.

PER CURIAM